*In re* Dassler, *Petitioner.*

## In the Matter of the Petition of C. F. W. DASSLER *for a Writ of Habeas Corpus.*

1. SECTION, *Construed as Subdivision.* The word "section" used in paragraph or subdivision 34 of § 11, article 3, chapter 37, Laws of 1881, is to be construed as meaning "subdivision, or subsection."

2. ROAD LEVIES, *Not Debts.* Road assessments or levies are not debts within the meaning of the constitutional provision abolishing imprisonment for debt, as such provision applies only to liabilities arising upon contract.

3. ROAD WORK, *Not Involuntary Servitude.* The performance of work upon an assessment or levy payable in labor for the repair of roads or streets, is not that kind of involuntary servitude intended to be embraced within the provisions of the constitution of the state, or of the United States.

4. STREET LABOR, *Not a Tax on Right to Vote.* The satisfaction of an assessment or levy of labor to keep the streets in repair in cities of the first class, is not a prerequisite of registration, and in no sense can it be said that said assessment or levy is a tax, or an embargo upon the right to vote, although the list of registration is one of the methods of ascertaining who are liable to work upon the streets.

5. ROAD DISTRICT; *Later Statute Controls.* Where the legislature has by the passage of a later statute constituted each city of the first class a separate road district, and given such cities full control over the labor to be performed upon its streets, and authorized ordinances to be enacted to enforce the same, the later statute is controlling, as it is a substitute for the prior statute, so far as it conflicts therewith.

### Original Proceedings in Habeas Corpus.

ON January 12, 1885, there was filed in this court, on behalf of *C. F. W. Dassler,* a petition for a writ of *habeas corpus.* The petition sets forth the following facts:

"1. Your petitioner is restrained of his liberty by one W. D. Shallcross, of Leavenworth, Kansas, who is the city marshal of the city of Leavenworth, Kansas, a city of the first class; said petitioner is restrained of his liberty by said city marshal, in the city and county of Leavenworth, in the state of Kansas, and in the city jail thereof.

"2. The cause or pretense of the restraint of this petitioner, according to the best of the knowledge and belief of the applicant, is as follows: On December 30, 1884, this petitioner

was arrested by a policeman of said city of Leavenworth, upon a warrant issued by the police judge of said city, upon a complaint, of which the following is a copy:

"'THE STATE OF KANSAS, CITY AND COUNTY OF LEAVENWORTH.—*Police Court*, sct.—The City of Leavenworth *v.* C. F. W. Dassler.—W. D. Shallcross, being duly sworn, deposes and says: That C. F. W. Dassler is now and has been ever since January 1, 1884, a male resident and citizen of said city of Leavenworth, and is now and was during all of said time between the ages of twenty-one and forty-five years, and a registered voter of said city, and that said Dassler unlawfully neglects and refuses to perform two days' labor, or any part thereof, upon the streets, alleys and avenues of said city, and also unlawfully neglects and refuses to pay to the street commissioner of said city the sum of three dollars, or any part thereof, in lieu of said labor, and has during all of the time since January 1, 1884, so neglected and refused to perform said labor or pay said money in lieu thereof, although duly notified in writing so to do by the street commissioner of said city; and further saith not.

[Signed]                              W. D. SHALLCROSS.

"'Sworn to before me, and subscribed in my presence, this 30th day of December, 1884.—M. L. HACKER, *Police Judge.*'

"On the 31st day of December, 1884, the case against said petitioner on said complaint was called for trial, and the petitioner moved to quash said complaint, because the same did not state a public offense under the constitution and laws of the state of Kansas, or the laws or ordinances of said city, and because said city of Leavenworth had no power to arrest, fine and imprison the petitioner for the non-payment of the road tax in said complaint mentioned, which motion was, by the police judge of said city, overruled. (A copy of the ordinance of said city of Leavenworth, in reference to the collection of road tax, is hereto attached, made a part hereof, and marked 'Exhibit A'.) Thereupon said police judge, under protest of petitioner, proceeded to try the case, hear the evidence, and adjudged the petitioner guilty, and adjudged that petitioner pay a fine of five dollars, and stand committed to the city jail until said fine be paid, and issued a mittimus to the said W. D. Shallcross to that effect; and said petitioner was thereupon so imprisoned and restrained of his liberty by said city marshal, and still continues in said restraint, this petitioner refusing to pay said fine.

"3. The illegality of the said restraint consists in this, that— 1st. Neither the said city of Leavenworth, nor said police judge, has power to enforce the collection of said road tax by arrest, fine and imprisonment; 2d. That if there be any pretended law on the statute book to that effect, the same is unconstitutional, null and void; 3d. That said police judge had no power to render the judgment for a fine, nor to issue a

*In re* Dassler, *Petitioner.*

commitment to enforce the collection thereof; 4th. That the said ordinance under which said complaint was issued, and said proceedings were had, is void, so far as it provides for the arrest, fine and imprisonment of persons for the non-payment of road taxes; 5th. That the ordinance is repugnant to the constitution and laws of the state of Kansas.

"Wherefore, petitioner prays that his said imprisonment be inquired into, and if found illegal, that he be discharged therefrom."

EXHIBIT A.

"AN ORDINANCE RELATING TO LABOR ON THE STREETS OF LEAVENWORTH CITY.

"*Be it ordained by the Mayor and Councilmen of the City of Leavenworth:*

"SECTION 1. (Repealed by ordinance 1044, *post,* § 905.)

"SEC. 897.—*City Clerk.* Sec. 2. The city clerk shall deliver one copy of the duplicate list of persons registered, which he is required to make out by the thirty-fourth subdivision of section eleven of the city charter, to the street commissioner, and the other copy thereof to the city treasurer.

"SEC. 898.—*Street Commissioner.* Sec. 3. After the duplicate list of persons registered has been delivered to the street commissioner, he shall from time to time, as work may in his judgment, or upon order of the city council, be required to be done, notify the persons upon said list, or so many thereof as may be necessary, to report to him at a time and place in said notice specified, which notice shall be either printed or written, or pay to him at said time and place the amount of money due for any delinquency in work, the same being for not less than one full day's labor.

"SEC. 899.—*Same.* Sec. 4. The street commissioner shall also notify all other persons specified in the first section of this ordinance, whose names are not included in the list of registered persons in the same manner as herein provided for persons registered, and such persons shall be subject to all of the provisions of this ordinance, and the names of such additional persons shall be by the street commissioner forthwith furnished to the city treasurer.

"SEC. 900.—*Same; Failure.* Sec. 5. Upon the failure of any person notified as herein prescribed, and no valid excuse being given to appear and perform said labor, or upon a failure to pay to the street commissioner the amount to be paid for such delinquency, the street commissioner shall mark opposite to his name upon the list furnished him by the city clerk, or made by himself, the words 'Notified and failed,' and such persons so failing shall, on due conviction thereof before the police judge, be fined in a sum not less than three dollars nor more than ten dollars for each day he so fails or refuses to work or to pay therefor, and the list of said street commissioner so marked 'Notified and failed,' shall be *prima facie* evidence of such notification and failure.

"SEC. 901.—*Receipt.* Sec. 6. Upon doing the work required or payment of the money specified in this ordinance to be paid to the street commissioner, he shall mark on said list the words, 'Notified, worked, or paid,' and give the person so working or paying a receipt therefor.

"SEC. 902.—*Arrest.* Sec. 7. It shall be the duty of the street commissioner to turn over the list of delinquents on Monday of each week to the city marshal, who shall thereupon cause such persons to be ar-

rested and brought before the police judge for trial under provisions of this ordinance.

"SEC. 903.—*Moneys.* Sec. 8. It shall be the duty of the street commissioner to turn over every day all moneys collected by him to the city treasurer, during the preceding one, and once each week to furnish the city treasurer with a list of those persons who have either performed the labor or paid the amount required by section one of this ordinance, and those who have been temporarily excused. The city treasurer shall furnish the city council at each regular meeting a true copy of all reports filed with him by the street commissioner since their last meeting.

"SEC. 904. Sec. 9. Any failure upon the part of the street commissioner or city marshal to perform their duties as specified in this ordinance shall be deemed sufficient cause for dismissal from office.

"SEC. 10. This ordinance shall take effect and be in force from and after its approval and publication.

"Approved, April 22, 1881; published, April 23, 1881."

"(1044.) AN ORDINANCE amending and repealing section one of ordinance No. 1008, entitled 'An ordinance relating to labor on the streets of Leavenworth city,' approved April 22, 1881.

"*Be it ordained by the Mayor and Councilmen of the City of Leavenworth:*

SEC. 905.—*Street Labor.* Sec. 1. That section 1 of ordinance No. 1008, entitled 'An ordinance relating to labor on the streets of Leavenworth city,' approved April 22, 1881, be amended so as to read as follows: 'Sec. 1. Each male resident of the city of Leavenworth between the ages of twenty-one and forty-five years is hereby required in his own proper person each year, upon notice from the street commissioner, his deputy, or an officer appointed for that purpose, to perform two days' labor of ten hours each, on the streets, alleys or avenues of said city, under the direction and control of the street commissioner, or his deputies, or in lieu thereof shall pay to the street commissioner the sum of one dollar and fifty cents for each day.

"SEC. 906.— Sec. 2. The original section one of this ordinance above referred to, is hereby repealed, but all actions and proceedings thereunder shall be carried out, the same as if this repeal had not been made.

"Sec. 3. This ordinance shall be in force from and after its publication.

"Approved, October 5, 1882 ; published, October 7, 1882."

Upon such petition being filed, W. D. Shallcross, the respondent, waived the issuance of the writ and entered his appearance, and for his return stated that C. F. W. Dassler was restrained by him and held in his custody under the proceedings mentioned in the petition.

The opinion herein was filed at the November, 1886, session of the court.

*C. F. W. Dassler,* petitioner, for himself.

*William C. Hook,* for respondent.

The opinion of the court was delivered by

HORTON, C. J.: The petitioner was arrested December 30, 1884, under a warrant issued by the police judge of the city of Leavenworth, upon complaint of the city marshal, charging him with refusing to pay what is known as the road tax, sometimes called the poll tax. Before the police court he moved to quash the complaint, which was overruled. Upon the trial, he was adjudged guilty, and assessed to pay a fine of five dollars and stand committed to the city jail until the fine was paid.

After being committed to the city jail, these proceedings were instituted, the petitioner alleging that he is illegally held in custody. He claims that there is no power conferred upon cities of the first class to enforce the collection of road taxes by arrest, fine and imprisonment; that if such alleged power has been attempted to be conferred, it is in conflict with the constitution of the state: (1) Because taxes are debts, and are therefore within the meaning of the constitutional provision abolishing imprisonment for debt; (2) that § 6 of the bill of rights specifies there shall be no involuntary servitude, except for the punishment of crime, within the state, and the power attempted to be conferred violates this provision; (3) by attempting to confer such power, the legislature has imposed additional qualifications upon the citizen to exercise the right of suffrage; and finally, that the ordinance of the city under which the petitioner was arrested is invalid, because it is in conflict with the general statutes in several respects.

The statutory authority for the ordinance relating to labor on the streets of Leavenworth city, under which the petitioner was arrested, is found in paragraph 34, § 11, ch. 37, Laws of 1881, of the act "To incorporate and regulate cities of the first class," and reads as follows:

"Each city shall constitute a separate road district, and the mayor and council are authorized and empowered to compel each male resident of said city between the ages of twenty-one

and forty-five years to perform two days' labor of ten hours each, on the streets, alleys or avenues of said city, or in lieu thereof to pay to the street commissioner the sum of one dollar and fifty cents per day. The city clerk shall make out and certify to the street commissioner and city treasurer, on or before the first day of April of each year, duplicate lists of persons registered by him as voters, between the ages of twenty-one and forty-five years, and the street commissioner shall collect the sum of one dollar and fifty cents per day from each person so certified by the clerk, or compel such person to perform two days' labor on the streets, alleys or avenues of said city. The street commissioner shall, every forty-eight hours, turn over to the city treasurer all moneys collected by him during said time, together with a list of the persons from whom said money was collected, and shall, once every week, make out and deliver to the city treasurer a list of all persons who have performed their two days' labor on the streets. The city treasurer shall place the money collected by the street commissioner in a special fund, which shall only be applied to the repairs of the streets, alleys or avenues of said city. All work or labor done under the provisions of this section shall be under the superintendence and control of the street commissioner. Each city shall have power to pass all ordinances, and to enforce the same by fine or imprisonment, or both, to carry out fully the provisions of this section."

The word "section" used in said paragraph 34 must be considered to mean "subdivision or subsection." The language of the whole paragraph or subdivision taken together will bear no other reasonable construction. The final sentence of subdivision 34 is, "each city shall have power to pass all ordinances, and to enforce the same by fine or imprisonment, or both, to carry out fully the provisions of this *section.*" The preceding sentence in subdivision 34 is as follows: "All work or labor done under the provisions of this *section* shall be under the superintendence and control of the street commissioner." In both of these sentences the word "section" is to be construed as meaning "subdivision or subsection." Said section 11, which contains the enumeration of powers delegated to the mayor and council, embraces forty-three paragraphs or subdivisions, of which subdivision 34 is one.

1. Section, construed as subdivision.

It was decided by this court, in *In re Wheeler*, that "the provision of the constitution declaring 'no person shall be imprisoned for debt except in cases of fraud,' applies only to liabilities arising upon contract;" therefore road assessments or levies are not debts within the meaning of the constitutional provision abolishing imprisonment for debt. (34 Kas. 96. See also, 1 Desty on Taxation, 9, 10; Cooley on Taxation, 2d ed., 14; *Amenia v. Stanford*, 6 Johns. 92; *Johnston v. Mayor, &c.*, 62 Ga. 645.)

*2. Road levies, not debts.*

The power to impose labor for the repair of public highways and streets has been exercised from time immemorial, and comes within the police regulation of the state or city. A commutation of such labor in money in lieu of work, while in the nature of a tax, is not in common speech or in customary revenue legislation, understood as embraced in the term tax. The power to impose this labor is exercised for public purposes, and the general good and convenience of the community. (Cooley on Taxation, 2d ed., *supra;* 1 Desty on Taxation, 296; *Starksboro v. Town of Hindsburg*, 13 Vt. 215; *State v. Halifax*, 4 Dev. 345; *Day v. Green*, 4 Cush. 433; 1 Dill. Mun. Cor., 3d ed., § 394.) Such labor has never been regarded or construed by any of the authorities as falling within the terms of the constitution prohibiting slavery and involuntary servitude. Militia service is also compulsory, and if the theory of the petitioner is correct, such service, when involuntary, is within the terms of § 6 of the bill of rights, and the thirteenth amendment to the constitution of the United States. Such however is not the case, and we do not think that art. 8 of the constitution of this state conflicts in any way with § 6 of the bill of rights or with the thirteenth amendment. There are certain services which may be commanded of every citizen by his government, and obedience enforced thereto; among these services are labor on the streets or highways, and training in the militia. As the performance of work upon an assessment or levy, payable in labor for the repair of roads or streets, is not the kind of involuntary servitude evidently in-

*3. Road work, not involuntary servitude.*

tended to be embraced within the provisions of the constitution of the state or of the United States, the power to impose such labor by the legislature, or a city acting under its authority, cannot well be questioned.

If it be urged against the exercise of this power, that if the legislature has a right to require a man to work two days upon the road or street, it may compel him to work every day of the year, and thereby make him a slave to the state, the answer is sufficient to say that no such case is before us.

The claim that the levy made payable in labor to keep the streets in repair, which may be commuted in money in lieu of work, is a tax upon the right to vote, is not sustained. It is true that no one in a city of the first class can vote unless he is registered, but the satisfaction of the levy for street purposes is not a prerequisite of registration. It is not true that the assessment can only be collected from those who register. The statute authorizes cities of the first class to compel each male resident between the ages of twenty-one and forty-five years to perform the labor complained of, or in lieu thereof, to pay the sum of three dollars. The list of registration is only one of the means of ascertaining who are liable to work upon the streets of the city, and if a voter fails to register, he is not thereby exempt from the performance of labor upon the street. Section 1 of the ordinance reads:

*4. Street labor, not a tax on right to vote.*

"Each male resident of the city of Leavenworth between the ages of twenty-one and forty-five years is hereby required in his own proper person each year, upon notice from the street commissioner, his deputy, or an officer appointed for that purpose, to perform two days' labor of ten hours each on the streets, alleys or avenues of said city, under the direction and control of the street commissioner or his deputies, or in lieu thereof to pay to the street commissioner the sum of one dollar and fifty cents for each day."

Section 3 reads:

"After the duplicate list of persons registered has been delivered to the street commissioner, he shall, from time to time, as work may in his judgment, or upon the order of the city

council, be required to be done, notify the persons upon said list, or so many thereof as may be necessary, to report to him at a time and place in said notice specified, which notice shall be either printed or written, or pay to him at said time and place the amount of money due for any delinquency in work, the same being for not less than one full day's labor."

Section 4 also reads :

" The street commissioner shall also notify all other persons specified in the first section of this ordinance whose names are not included in the list of registered persons, in the same manner as herein provided for persons registered, and such persons shall be subject to all of the provisions of this ordinance, and the names of such additional persons shall be by the street commissioner furnished to the city treasurer."

It is not shown that the petitioner is a cripple, or unable to perform the work required of him, and therefore the exemption of a disabled person is not before us for determination.

As the legislature has constituted each city of the first class a separate road district, and given such cities full control over 5. Road district; later statute controls. the labor to be performed upon its streets, and authorized ordinances to be enacted to enforce the same, such statute is controlling, as it is a substitute for the prior statute, so far as it conflicts therewith. (Laws of 1881, ch. 37; *City of Salina v. Seitz,* 16 Kas. 143 ; *City of Macomb v. Twaddle,* 4 Bradw. 254 ; *Fox v. City,* 38 Ill. 452.)

The petitioner in the case must be remanded.

All the Justices concurring.