Robinson, J.
 

 The sole question here is raised by the third paragraph of the petition in error:
 

 “Said court erred in that its judgment is in violation of the constitutional rights of the plaintiff in error.”
 

 The ordinance in question provides:
 

 Section 812-10. “Any person, association of persons, firm or corporation carrying on any such trade, profession, occupation or business in said city of Cincinnati without having paid the tax herein provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum not less than five ($5.00) dollars nor more than one hundred ($100.00) dollars for each offense.”
 

 This is a section of the same ordinance that this court had under consideration in. the case of
 
 *376
 

 Globe Security & Loan Co.
 
 v.
 
 Carrel,
 
 106 Ohio St., 43, 138 N. E., 364, and if not the same is similar to the ordinance the court had under consideration in the case of
 
 State ex rel. Zielonka, City Solicitor,
 
 v.
 
 Carrel,
 
 99 Ohio St., 220, 124 N. E., 134, wherein this court held:
 

 “The ordinance of the city of Cincinnati providing that an annual tax shall be laid upon all persons, associations of persons, firms and corporations pursuing any of the trades, professions, vocations, occupations, and businesses therein named, is a valid exercise of the legislative power of such city.”
 

 The particular section of that ordinance here involved, however, was not a part of the record or before the court for consideration in either of those cases, and indeed we gather from the briefs of counsel that this particular provision is an amendment to a provision which the ordinance then contained; the amendment going to the minimum and maximum of the fine which may be imposed.
 

 It is claimed by plaintiff in error that the municipality is without power to make a failure to pay taxes a misdemeanor, and it is argued that the penal provision of this ordinance is in conflict with Section 15, Article I, of the Constitution of Ohio, which provides:
 

 “No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.”
 

 This court having upheld the constitutionality of the ordinance levying an excise tax, and the power of the municipality in respect thereto, in the case of
 
 State ex rel. Zielonka
 
 v.
 
 Carrel, supra,
 
 
 *377
 
 and having approved and followed that case in the cases of
 
 Loan Co.
 
 v.
 
 Carrel, supra, Marion Foundry Co.
 
 v.
 
 Landes,
 
 and
 
 Clawson
 
 v.
 
 Landes, ante,
 
 166, 147 N. E., 302, the Legislature of the-municipality within its own corporate limits would have the same power with reference to making the nonpayment of a tax levied under the proyisions thereof a misdemeanor as would the Legislature of the state in making the nonpayment of any tax a misdemeanor.
 

 There has been no decision of this court cited to us, nor is there any, in so far as we have been able to learn, touching the power of the Legislature to make the nonpayment of a tax a misdemeanor.
 

 The question, however, has been considered by text-writers and by courts of other states.
 

 In 1 Cooley on Taxation (4th Ed.), at page 91, Section 22, the author states:
 

 “The law abolishing imprisonment for debt has no application for taxes.”
 

 In 26 Ruling Case Law, Section 340, p. 384, it is declared:
 

 “Inasmuch as a tax is not a debt, the right to arrest for nonpayment of a tax is not taken away by constitutional or statutory, provisions abolishing or prohibiting imprisonment for debt.”
 

 We have been unable to find where this matter has been considered by any court in recent years. There are, however, a number of early oases by courts of last resort of other states.
 

 In the case of
 
 Palmer
 
 v.
 
 McMahon,
 
 133 U. S., 660, 10 S. Ct., 324, 33 L. Ed., 772, the Supreme Court of the United States had under considera-
 
 *378
 
 tion the validity of a law of the state of New York, which provided:
 

 “Section 12. In case of the refusal or neglect of any person to pay any tax imposed on him for personal property, if there be no goods or chattels in his possession upon which the same may be levied by distress and sale according to law, and if the property assessed shall exceed the sum of one thousand dollars, the said receiver, if he has reason to believe that the person taxed has debts, credits, choses in action, or other personal property, not taxed elsewhere in this, state, and-upon which levy cannot be made according to law, may thereupon in his discretion make application, within one year, to the court of common pleas of the county, or the Supreme Court, to enforce the payment of such tax.
 

 “Section 13. The court may impose a fine for the misconduct mentioned in the next preceding section, sufficient in amount for the payment of the tax assessed, and of the costs and expenses of the proceedings authorized by this act to enforce such payment, or to punish such misconduct; and the amount of such tax shall be paid out of such fine to the said receiver, who shall pay the same in like manner as the tax was required to be paid; and costs and expenses of such proceedings shall be paid out of such fine to the said receiver who made the application to enforce the payment of the tax.”
 

 Chief Justice Fuller, delivering the opinion of the court, stated, at page 669 (10 S. Ct., 327):
 

 “Collection by distress and seizure of person is of very ancient date,
 
 Murray’s Lessee
 
 v.
 
 Ho
 
 
 *379
 

 boken Land Co.,
 
 18 How., 272; and counsel for defendant in error cites many English statutes, commencing with the twelfth year of Henry VII, c. 13, which in their essential features resemble the New York law upon the subject, one in 6 Henry VIII, c. 26, being strikingly like it. 2 Statutes of the Realm, 644; 3 lb. 156, 230, 516, 812; 4 lb. 176, 334, 385, 744, 991, 1108, 1247; 5 lb. 9, 700; 7 lb. 567. Under the act of 1843 commitment is not resorted to until other means of collection have failed and then only upon a showing of property possessed, not accessible to levy, but enabling the owner to pay if he chooses, this con stituting such misconduct as justifies the order. That law had been in existence for more than forty years at the time of this proceeding. We do not regard the collection in this way, founded on necessity and so long recognized by the state of New York as to be justifiably resorted to under the circumstances detailed in the act, and operating alike on all persons and property similarly situated, as within the inhibitions of the Fourteenth Amendment. The judgment is affirmed.”
 

 In the matter of
 
 Dassler for Writ of Habeas
 
 Corpus, 35 Kan., 678, 12 P., 130, the Supreme Court of Kansas held:
 

 “2. Road Levies, Not debts.
 
 — Road assessments or levies are not debts within the meaning of the constitutional provision abolishing imprisonment for debt, as such provision applies only to liabilities arising upon contract. ’ ’
 

 In the opinion by Chief Justice Horton it was said, at page 684 (12 P., 134):
 

 “It was decided by this court, in
 
 In re Wheeler,
 
 
 *380
 
 that ‘the provision of the Constitution declaring “no person shall be imprisoned for debt except in cases of fraud,” applies only to liabilities arising’ upon contract;’ therefore road assessments or levies are not debts within the meaning of the constitutional provision abolishing imprisonment for debt. 34 Kan., 96. See, also, 1 Desty on Taxation, 9, 10; Cooley on Taxation (2d Ed.) 14;
 
 Amenia
 
 v.
 
 Stanford,
 
 6 Johns., 92;
 
 Johnston
 
 v.
 
 Mayor, etc.,
 
 62 Ga., 645.”
 

 In the case of
 
 McCaskell
 
 v.
 
 State,
 
 53 Ala., 510, the defendant had been arrested upon an indictment which charged that he, “ ‘being then and there a lawyer,’ did engage in or carry on the business or profession of lawyer, without license,” to which indictment a demurrer was filed, one ground of which was:
 

 “That the obligation to take out and pay for a license was merely an obligation to pay a debt, and to make nonpayment of it an offense punishable by imprisonment was a violation of Article 1, Section 22, of the Constitution of the state.”
 

 The demurrer was overruled, and a plea of not guilty having been entered, defendant was placed upon trial, at which proof was offered that he practiced law in the county within twelve months before the finding of the indictment without having taken out any license, whereupon the court charged the jury that if they believed the evidence they must find the defendant guilty, and the jury found the defendant guilty, and judgment was rendered against him and fine assessed.
 

 In the discussion of the case the court said, at page 513:
 

 
 *381
 
 “It has been strenuously contended that, admitting such a tax to be lawful, yet it is a violation of the Constitution to punish him who works only in an innocent and useful pursuit, without paying for and taking out a license, with fine and imprisonment; for that the tax when unpaid is merely a debt, and the Constitution forbids imprisonment for debt.
 

 “Though a tax may, in a general sense, be a debt, it is not so within, the meaning of that section of the Constitution. It is not created by contract. Set-off cannot be alleged against it. When required by the state to be paid in coin, Congress has not the power to make it solvable in ‘legal tender notes.’ * * *
 

 “That the employment is innocent and useful, does not affect the validity of the law concerning the tax. International commerce is in a high degree beneficial. Those who bring into one country commodities from another in exchange for home products, are engaged equally with the lawyer, the physician, the manufacturer and the shopkeeper, in an occupation that promotes the public welfare. Yet, it is the practice in all nations to pursue and punish with fine and imprisonment the adventurous mariner or merchant, who presumes to introduce foreign merchandise without paying the tax on it exacted by government. In principle, there is no difference between his offense and that of a. person of one of the other classes, who engages in a business for which a revenue license is required to he taken out, without paying for it. The difference is one of circumstances only. In either instance, the pith of the matter is the
 
 *382
 
 nonpayment of the sum exacted for the public treasury. If it is a debt in one case, it is. so in the other; but, in each there is something more than a mere debt. The tax is a duty to the state, imposed by law, for the maintenance of government, which is necessary for the protection of all against disorder and violence. These considerations, it is, which raise the nonpayment of taxes, in certain cases; to be determined by the Legislature, into an offense against the commonwealth, for which penalties may be inflicted.”
 

 In the case of
 
 Charleston
 
 v.
 
 Oliver,
 
 16 S. C., 47, the court held:
 

 “The city court of Charleston, under the authority of an ordinance of that city, may give judgment for the amount of a license tax and penalty, or imprisonment for thirty days, in case of nonpayment. * * *
 

 “The provision in Article 1, Section 20, of the Constitution, that ‘no person shall be imprisoned for debt, except in cases of fraud,’ has no application to taxes, which are not a debt within the meaning of this section.”
 

 In the case of
 
 Appleton
 
 v.
 
 Hopkins,
 
 71 Mass. (5 Gray), 530, the court held:
 

 “The St. of 1855, c. 444, abolishing imprisonment for debt, does not apply to a warrant of distress for nonpayment of taxes.”
 

 Chief Justice Shaw there stated, at page 532:
 

 “The only question in the present case is whether tlie laws authorizing the arrest of a party on a warrant of distress, for the nonpayment of a tax, assessed in pursuance of the laws of the commonwealth, have been repealed by the late statute, en
 
 *383
 
 titled ‘An act to abolish, imprisonment for debt, and to punish fraudulent debtors.’ * * * And it is admitted on the part of the applicant, that, unless all the acts previously in force, authorizing such arrest, are repealed by this statute, this arrest was regular, and all proceedings on the warrant of distress are correct.
 

 ‘ ‘ The first section of the statute is this: ‘ Imprisonment for debt is hereby forever abolished in Massachusetts.’ * * *
 

 “We are then to inquire, according to the ordinary rules of exposition, taldng the whole statute together, whether its provisions extend to persons arrested upon warrants of distress for the nonpayment of taxes.
 

 “In a certain large and general sense, taxes may be said to be debts, due to the commonwealth, the county, town and parish, respectively; but in the mode of collection and enforcement, which is the point in question in this inquiry, they have always been regarded as distinct. By the law providing for the settlement of the estates of deceased insolvents, all public taxes are to be allowed as preferred claims next after those of the United States; but this is by force of express provisions of statute. *
 
 * *
 
 Similar provision is made by the law regulating the settlement of the estates of living insolvents, by St. 1838, c. 163, Section 12, since modified by St. 1850, o. 218, which relinquishes the preference given to the commonwealth. The special provision by statute for their allowance implies that they would not, in the view of the Legislature, be included under the general provisions of law respecting debts. * * *
 

 
 *384
 
 “But the main ground on which we found our opinion, that the St. of 1855, c. 444, did not repeal the former acts, is, that in its entire details, it manifestly applies to a different class of subjects and legal processes.”
 

 From an examination of such authorities as have been available to us in the consideration of this case, and from the consideration of the case of
 
 Tax Commission of Ohio
 
 v.
 
 National Malleable Castings Co.,
 
 111 Ohio St, 117, 144 N. E., 604, we are forced to the conclusion! that Section 15, Article I of the 'Constitution of Ohio, “No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in oases of fraud,” is not an inhibition against making the nonpayment of a tax a misdemeanor and the imposing of a fine or imprisonment as a penalty therefor, taxes not being a “debt” in the sense of an obligation incurred by contract, express or implied, but an obligation imposed by an act of the sovereign in the exercise of its powers; that the inhibition against imprisonment for “debt” is an inhibition against imprisonment for an obligation incurred by contract, expressed or implied.
 

 The question here being one 'of power, which we are authorized to determine, rather than one of policy, which we are not authorized to determine, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day and Allen, JJ., concur.