City of Cincinnati, Appellant, *v.* De Golyer, Appellee.

(No. 10726—Decided March 10, 1969.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. William B. Singer,* for appellant.
*Mr. Howard D. Fields,* for appellee.

Hess, J. This is an appeal on questions of law by the plaintiff, city of Cincinnati, appellant here and hereinafter referred to as plaintiff, from an action of the Hamilton County Municipal Court granting a motion to quash an affidavit filed on October 20, 1967, by E. W. Kelley of the Cincinnati income tax bureau, charging the defendant, appellee here and hereinafter referred to as defendant, with failure to pay an income tax imposed on him by virtue of ordinance No. 427-1961, enacted by the Cincinnati City Council.

The affidavit signed by Mr. Kelley reads as follows:

"E. W. Kelley, being first duly cautioned and sworn, deposeth and said that one Paul De Golyer, a resident of the City of Cincinnati during the period from January 1, 1966 to and including December 31, 1966 on or about the 30th day of April, A. D. 1967 at and in the City of Cincinnati, County of Hamilton, and State of Ohio, did fail to pay the Tax Commissioner of the City of Cincinnati the 1966 Cincinnati Income Tax contrary to and in violation of Section 12 of Ordinance 427-1961 of the City of Cincinnati."

Following the filing of the affidavit, a citation was issued commanding the appearance of the defendant before the Municipal Court. The defendant appeared as directed and made an oral motion to quash the affidavit on the ground the ordinance under which the defendant was charged made the tax obligation a civil debt, and by reason thereof the provision for imprisonment in the ordinance was in violation of Section 15, Article I of the Ohio Constitution, which prohibits imprisonment for debt.

On October 8, 1968, after receipt of memorandum from each of the parties, the Municipal Court wrote an opinion in support of its finding that the motion was well taken and the defendant was dismissed.

In its appeal, the plaintiff contends the motion to quash should have been overruled and the defendant required to go to trial on the charge set forth in the affidavit.

The plaintiff alleges three grounds of error:

"1. The municipal court erred in holding that a tax, which is not in essence a debt, may be made a debt by legislative act.

"2. The municipal court erred in holding that the Cincinnati income tax ordinance does in fact purport to make the tax imposed by it a debt.

"3. The municipal court erred in dismissing case number 107842, for the reason that the provision of the Cincinnati income tax ordinance for imprisonment for failure to pay the tax imposed, if unconstitutional, is separable from the other penalties."

The court will consider the assignment of errors as they are listed.

Was the Municipal Court in error in determining that the income tax in question, which is not in essence a debt, may be made a debt by legislative act?

In the cases of *Tax Commission of Ohio* v. *National Malleable Castings Co.*, 111 Ohio St. 117, and *Voelkel* v. *Cincinnati*, 112 Ohio St. 374, the Supreme Court of Ohio established the proposition that the obligation to pay taxes is not a debt, and expressly held that Section 15, Article I of the Ohio Constitution "is not an inhibition against making the non-payment of a tax a misdemeanor and the

imposing of a fine or imprisonment as a penalty therefor, taxes not being a 'debt' in the sense of an obligation, incurred by contract, express or implied, but an obligation imposed by an act of the sovereign in the exercise of its powers,'' and ''the inhibition against imprisonment for 'debt' is an inhibition against imprisonment for an obligation incurred by contract, express or implied.''

A debt is a voluntary consensual contract obligation. It arises out of promises and consideration between debtor and creditor.

A tax obligation does not arise out of contractual obligation, but is imposed upon the taxpayer by a duly constituted governmental taxing authority. The duty to pay taxes is not voluntarily assumed by the taxpayer, nor is it the result of, or based upon an agreement between the taxpayer and the taxing authority.

Section 11 of the ordinance, together with section 11 of the rules and regulations authorized by the ordinance, provide that taxes owed may be collected by civil suit ''as other debts of like amount are recoverable.'' The Municipal Court held that the effect of these two sections is to change the nature of the tax obligation to that of a consensual debt and cites *State, ex rel. Hostetter,* v. *Hunt,* 132 Ohio St. 568, as authority for its conclusion. In that case, the respondents attempted to resist a suit to recover taxes due a county by arguing that since a tax is not a debt, it was not money due the county and could not be recovered by the county in a legal or civil action.

The Supreme Court of Ohio recognized, in *Hostetter,* that the term ''debt'' does not include all forms of money obligations that may be enforced, but denotes only an obligation arising by express or implied agreement. The court, at page 572, said: ''While a tax may not be a debt due the county by certain and express agreement between the parties, it is money due under a much stronger obligation. A tax is a liability created by statute.'' Finally, the *Hostetter* case determined that taxes constitute ''money due the county'' not that they are a debt.

It is further argued, the Probate Code provides that in certain circumstances a tax is a ''debt of the decedent''

and thereby supports the proposition that a legislative body may change the nature of a tax to that of a debt. The legislature may provide that a tax is a "debt of the decedent" for probate purposes. The *Hostetter* case, *supra,* was a suit against an estate for taxes due the county. The probate code was relevant to the holding in that case, because it established that the taxes were an obligation of the estate and not a "debt" as that term is used in Section 15, Article I of the Ohio Constitution.

It appears, there is no authority for the proposition that a legislature may change the nature of a tax obligation to a debt.

Did the Municipal Court err in holding that the Cincinnati income tax ordinance does in fact purport to make the tax imposed by it a debt?

The Cincinnati income tax ordinance, and the rules and regulations pursuant thereto, are loosely and perhaps ineptly worded, but it is clear, the legislative intent was not to provide that the tax imposed should be a debt, but, rather, that the tax imposed shall be collectible as a debt. The legislation which creates a tax obligation may also provide the method of collecting the tax.

Section 11 (a) of the ordinance provides in part: "All taxes imposed by this ordinance shall be collectible, together with any interest and penalties thereon, by suit as other debts of like amount are recoverable." It is certain, this ordinance does not read that the tax shall be a debt, but only that it shall be collectible by suit as a debt.

Section 8 of the ordinance states in part: "[The] Tax Commissioner is * * * empowered, subject to the approval of the Board of Review, to adopt and promulgate and to enforce rules and regulations authorized or required by this Ordinance * * *." Pursuant to this authority, the .ax commissioner adopted Article XI of the Rules and Regulations which provides in part, in subsection A(1):

"All taxes imposed by the Ordinance and not paid when due become, together with interest and penalties thereon, a debt due the city from the taxpayer and are recoverable as are other debts by civil suit."

The regulations add to the provision of the ordinance

by providing that the taxes "become * * * a debt due the city from the taxpayer." This provision is not in the ordinance, and exceeds the authority granted the tax commissioner by the ordinance. It was on this language that the Municipal Court based its holding that the regulations "must be interpreted as being an intricate part of the law."

This conclusion cannot be supported. In the Ohio state taxation system, the rulemaking power of the tax commission may not be exercised to exceed statutory provisions on the same subject. *Ransom & Randolph Co.* v. *Evatt,* 142 Ohio St. 398.

Having determined the issues presented herein in the first and second assignment of errors, there is no need to consider the third assignment of error presented by the plaintiff.

The judgment of the Municipal Court in sustaining the motion to quash and dismissing the defendant is reversed, and this cause is remanded to the Municipal Court for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J. and HILDEBRANT, J., concur.