CITY OF CINCINNATI, APPELLEE, *v.* DE GOLYER, APPELLANT.

(No. 69-253—Decided February 17, 1971.)

*Mr. William A. McClain*, city solicitor, *Mr. Ralph E. Cors* and *Mr. William B. Singer*, for appellee.

*Mr. Howard D. Fields* and *Mr. James R. Rimedio*, for appellant.

O'NEILL, C. J. Section 12 of the Cincinnati income tax ordinance provides that one who fails, neglects or refuses to pay the tax is guilty of a misdemeanor and may be fined or imprisoned therefor.

The sole question presented by this appeal is whether a provision in an income tax ordinance providing for imprisonment for failure to pay the tax violates Section 15 of Article I of the Constitution of Ohio prohibiting imprisonment for debt.

Section 15 of Article I of the Constitution of Ohio provides as follows:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

That provision of our fundamental law, like many others, stems from the experiences of persons who emigrated from England to the colonies because of the rigors of English laws. One of the harshest of those laws was that of imprisonment for debt. Regardless of the ability or inability of a debtor to comply with the demands of his creditors, if he failed to pay that debt he was subject to imprisonment for an indefinite period, during which he had to maintain himself—at his own expense, on the charity of others, or starve. It was therefore natural that in this new country imprisonment for debt should be prohibited.

However, it has long been held that the constitutional prohibition against imprisonment for debt does not apply to taxes. Cooley on Taxation (4 Ed.), 91 and 2665, Sections 22 and 1349. The basis of the distinction is ordinarily that a debt, within the meaning of the constitutional provi-

sion, is one which arises out of a contractual or consensual obligation; that a tax is not such an obligation but is one imposed by the sovereign by virtue of its sovereign powers. In other words, this is another example of the ancient and outmoded theory that "the King can do no wrong."

No such distinction is made in the Ohio constitutional provision. No debts are excepted therefrom, except those arising out of fraud.

The court, in *People* v. *Neal C. Oester, Inc.* (1957), 154 Cal. App. 2d 888, 316 P. 2d 784, in considering the general rule, pointed out that the cases upon which such rule is founded are primarily license cases, with an excise tax involved; that imprisonment was not for failure to pay the tax as such, but was for engaging in business without paying the tax which gave one the right to engage in business. Such was the case of *Voelkel* v. *Cincinnati* (1925), 112 Ohio St. 374, 147 N. E. 754, which imposed an excise tax on the practice of dentistry.

In the instant case, the court is considering an income tax, not an excise tax. The tax is not for the right to engage in business but is levied generally upon the income of all, regardless of occupation.

The general rule that a tax is not a debt within the meaning of the constitutional prohibition is unrealistic.

Generally speaking, a debt is an obligation to pay money. Whether this obligation arises by contract, by judicial determination of tort liability, or by imposition of a tax by the sovereign, it is still an obligation to pay money. Thus, a tax imposed by the sovereign is a debt.

It is a fundamental principle of statutory construction that words in a statute or constitution will be given their natural and ordinary meaning, unless the context of the law being considered indicates a more restricted or different meaning.

There is certainly nothing in the constitutional provision here being considered which in any way indicates, or would require, that the word "debt" as used therein should be given anything other than its ordinary meaning. To the average person, an unpaid tax *is* a debt.

This court has determined that a tax is a debt. In *State, ex rel. Hostetter,* v. *Hunt* (1937), 132 Ohio St. 568, 9 N. E. 2d 676, at page 572, the court said:

"The word 'debt' is defined in Bouvier's Law Dictionary as being 'a sum of money due by certain and express agreement.' * * * Debt is also therein defined as 'All that is due a man under any form of obligation or promise,' * * *.

"While a tax may not be a debt due the county by certain and express agreement between the parties, it is money due under a much stronger obligation. A tax is a liability created by statute. * * *"

The Probate Code also makes a tax a debt of the decedent. R. C. 2117.18.

To hold that a tax is a debt for one purpose, as where it benefits the state, yet hold that it is not a debt within the constitutional "debt" provision, would be inconsistent.

This court has gone even farther in determining that one cannot be imprisoned for failure to pay money due the state. In *Strattman* v. *Studt* (1969), 20 Ohio St. 2d 95, 253 N. E. 2d 749, it was held that an obligation arising upon a judgment to pay court costs in a criminal proceeding is a civil obligation; that it is a debt within the meaning of Section 15 of Article I; and that the accused could not be imprisoned for such debt. That case held further that an indigent could not be imprisoned beyond the statutory maximum sentence to "work off" a fine which he is unable to pay because of indigency.

A tax, like the court costs in a criminal case, is a civil obligation. If one cannot be imprisoned for court costs in a criminal proceeding against him and cannot be imprisoned beyond the maximum sentence for the fine levied against him, it does not stand to reason that an ordinary citizen whose only fault is his failure to pay taxes, in the absence of wilful refusal or fraud, should be imprisoned for his failure to pay such taxes.

A municipal income tax, due and unpaid, is a "debt" within the meaning of Section 15 of Article I of the Ohio Constitution, and one may not be imprisoned for the mere

failure to pay taxes, in the absence of wilful refusal or fraud. *Voelkel* v. *Cincinnati, supra* (112 Ohio St. 374), modified.

This does not mean that a sovereign cannot impose sanctions to enforce the payment of taxes. Such sanctions are necessary. Neither does it mean that one can arbitrarily refuse to pay the taxes imposed upon him by his sovereign, without penalty. This is not a free society in the sense that each person may refuse to contribute his proportionate share. Taxes are essential to the operation of government, and it is the duty of every citizen to bear his fair share of the cost of government by the payment of taxes.

A sovereign may provide by its laws, that a wilful refusal to pay taxes constitutes a crime, and impose imprisonment for failure to pay taxes. See 1954 Internal Revenue Code, Chapter 75, Section 7203. Such provision does not impose imprisonment for debt, but for the wilful violation of the law. It becomes a criminal act because one who is able to do so wilfully and intentionally refuses to comply with the laws of his sovereign. Where one who is able to pay wilfully and intentionally fails or refuses to pay taxes, he is guilty of fraud against his government, and imprisonment therefor falls within the exception provided in the constitutional provision which excepts from the operation thereof debts arising from fraud.

On the other hand, if a failure to pay taxes is occasioned by the indigency of the taxpayer, or there is an honest debate as to the amount or applicability of the tax, he may not, since a tax is a debt, be imprisoned therefor. Where such failure to pay is a wilful or intentional refusal to pay the tax, either as a matter of principle or an actual evasion of the tax by the taxpayer, he is guilty of a crime based on fraud and may be imprisoned for such violation of the law.

This brings us to a consideration of the ordinance presently before the court.

The ordinance provides that "Any person who shall * * * fail, neglect or refuse to pay the tax * * * shall be

fined not more than five hundred ($500) dollars or imprisoned not more than six (6) months." It will be noted that the ordinance does not specifically make intent an element of the offense. Yet, one of the words, "refuse," necessarily implies wilfulness or intent. Without the element of wilfulness or intent this provision of the ordinance, so far as it provides for imprisonment, must fall as being violative of the provisions of Section 15 of Article I.

It is a fundamental proposition of law that where a court is faced with two possible interpretations of a statute or ordinance, one which would render it constitutional and another which would render it unconstitutional, it is the duty of the court to choose that interpretation which will uphold the validity of the statute or ordinance.

Intent is a basic element of the penalty provision of the ordinance. This court has held that, where intent is a basic element of the offense, it will be considered as a part thereof, even though a statute is silent as to intent. *State* v. *Ross* (1967), 12 Ohio St. 2d 37, 231 N. E. 2d 299. The requirement of wilfulness or intent is a part of this ordinance even though the ordinance itself is silent as to that requirement.

This court holds that only a *wilful* failure or refusal to pay the tax due is punishable by imprisonment. Therefore, the ordinance does not violate the constitutional prohibition against imprisonment for debt and is valid.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

Schneider, Herbert and Duncan, JJ., concur.
Corrigan, J., concurs in the judgment.
Stern and Leach, JJ., not participating.