**STATE, Plaintiff-Appellee, v. ROCHE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5279. Decided November 4, 1955.

Samuel L. Devine, Pros. Atty., Fred L. Newsom, Jr., Asst. Pros. Atty., Columbus, for plaintiff-appellee.

W. B. Bartels, Columbus, for defendant-appellant.

(GRIFFITH, J, NICHOLS, PJ, of the Seventh District, and FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By GRIFFITH, J.

The defendant was convicted by a jury of violating §2901.16 R. C., in that he used an instrument with intent to procure the miscarriage of a pregnant woman. The indictment contains six counts and he was found guilty on all counts and sentenced to imprisonment in the Ohio Penitentiary. This appeal is from that sentence.

The defendant assigns error in nine particulars, but in his brief and argument he limits his complaints to two contentions:

(1) That the Court erred in refusing to sustain a motion of defendant for dismissal made at the close of the evidence.

(2) That the Court erred in refusing to sustain a motion of the defendant made before the trial to suppress all evidence seized on a search of defendant's premises.

The pertinent part of §2901.16 R. C., omitting those matters not pertinent to the instant case, reads as follows:

"No person shall use an instrument with intent to procure the miscarriage of a woman, unless such miscarriage is necessary to preserve her life, or is advised by two physicians to be necessary for that purpose."

At the end of each count in the indictment appears the following: "and was prematurely delivered of said child." The statute as now framed makes no mention of the words "child," "embryo" or "fetus," but only terminology of "miscarriage" is used. The criminal act of destroying the fetus at any time before birth is termed in law "procuring miscarriage." The trial judge in his charge to the jury stated that the words as they appear in the indictment "was prematurely delivered of said child" were surplusage and instructed the jury to disregard these words. Without these words the indictment alleges sufficient matter to indicate the crime and person charged.

Sec. 2941.08 R. C. is headed: "Certain defects do not render indictment invalid," and under that heading, under subsection (I) it provides:

"For surplusage or repugnant allegations when there is sufficient matter alleged to indicate the crime and person charged."

In our view the words in the indictment "and was prematurely delivered of said child" were nonessential and useless additions thereto and the Court in permitting them to remain in the indictment throughout the trial committed no error prejudicial to the defendant. The primary function of an indictment is to inform a defendant of the offense

with which he is charged so that he may prepare for his trial. The indictment in this case fulfilled that purpose and the defendant was in no wise misled or prejudiced. The trial court committed no error in overruling the motion of the defendant for dismissal made at the close of the evidence.

It is earnestly contended by the defendant that the trial court committed prejudicial error in refusing to suppress all evidence seized on a search of defendant's premises. There is no conflict in the record as to the issuance of a search warrant prior to searching the premises of the defendant. The only controversy is whether or not it was displayed to the defendant himself at the time he was placed under arrest. Officer Earl Weeks testified that the search warrant had been shown to Dr. Roche at the time of his arrest. The defendant's contention of error in this respect is disposed of by the case of **State v. Lindway, 131 Oh St 166,** decided on May 27, 1936, syllabi 4 and 5 reading as follows:

"In a criminal case, evidence obtained by an unlawful search, is not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, will be received against an accused.

"An application or motion to suppress or exclude such evidence made before trial or during trial is properly denied. The court need not concern itself with the collateral issue of how the evidence was procured. (Fifth paragraph of the syllabus of **Nicholas v. City of Cleveland, 125 Oh St 474,** and **Browning v. City of Cleveland, 126 Ohio St 285.** overruled.)"

In the body of the opinion at page 181, Judge Zimmerman says:

"Of course, if the state of Ohio should ever deem it expedient as a matter of public policy to declare that evidence wrongfully seized can not be used against a defendant in a criminal case on the basis that its admission encourages the lawless acts of over-zealous officers of the law in their methods of obtaining evidence, that would be an entirely different matter which is not our concern here."

Since the holding in this case has not been disturbed and the Legislature has not acted, this pronouncement is the law of Ohio today and controls and disposes of the matter of suppression of evidence, whether such evidence was obtained legally or illegally. There is a wealth of evidence in the record which conclusively shows that the jury was well warranted in finding that the defendant used an instrument on the person of six women with intent to procure a miscarriage in each instance and that as a consequence each of said six women did miscarry and that in each case the use of such instrument was not necessary to preserve life nor was such use advised by two physicians to be necessary for that purpose.

We have examined and considered each and every claimed error in addition to those heretofore discussed, and we find in the record no error which would justify a reversal of the judgment under review.

The judgment, therefore, is affirmed.

NICHOLS, PJ, FESS, J, concur.