CITY OF CLEVELAND, APPELLEE, *v.* TECHNISORT, INC.; NIX, APPELLANT.

(No. 48866—Decided March 25, 1985.)

*Roberto Rodriguez,* for appellee.

*Donald P. McFadden* and *Christine C. Covey,* for appellant.

JACKSON, P.J. Appellant John Nix, the former president of Technisort, Inc., appeals from a judgment of the Cleveland Municipal Court finding him guilty of violating the municipal income tax code.[1] The trial judge fined appellant

_____

[1] Cleveland Codified Ordinances Chapter 191.

$250 and costs, and sentenced him to sixty days in the workhouse, and one year of inactive probation. Costs and fifty-seven days of imprisonment were suspended.

This action was commenced on February 22, 1984, when the city of Cleveland filed a complaint against Technisort, Inc., in the Cleveland Municipal Court. The city charged that Technisort, Inc., "[d]id fail to file and or pay" municipal income tax, penalty and interest during certain described periods in 1981, 1982, and 1983. Violations of the municipal tax code are described in Cleveland Codified Ordinances Section 191.1505, which provides:

"No person shall:

"(a) Fail, neglect or refuse to make any return or declaration required by this chapter;

"(b) Make any incomplete, false or fraudulent return;

"(c) Fail, neglect or refuse to pay the tax, penalties or interest imposed by this chapter;

"(d) Fail, neglect or refuse to withhold the tax from his employees or remit such withholding to the Administrator;

"(e) Refuse to permit the Administrator or any duly authorized agent or employee to examine his books, records, papers and Federal income tax returns relating to the income or net profits of a taxpayer;

"(f) Fail to appear before the Administrator and to produce his books, records, papers or Federal income tax returns relating to the income or net profits of a taxpayer upon order or subpoena of the Administrator;

"(g) Refuse to disclose to the Administrator any information with respect to the income or net profits of a taxpayer;

"(h) Fail to comply with the provisions of this chapter or any order or subpoena of the Administrator authorized hereby;

"(i) Give to an employer false information as to his true name, correct social security number and residence address, or fail to promptly notify an employer of any change in residence address and date thereof;

"(j) Fail to use ordinary diligence in maintaining proper records of employees' residence addresses, total wages paid and City tax withheld, or to knowingly give the Administrator false information; or

"(k) Attempt to do anything whatever to avoid the payment of the whole or any part of the tax, penalties or interest imposed by this chapter."

The penalty for violation of this ordinance is set forth in Cleveland Codified Ordinances Section 191.99(a):

"(a) Whoever violates Sections 191.1505 or 191.2308 shall be fined not more than five hundred dollars ($500.00) or imprisoned not more than six months, or both."

The complaint filed by appellee city of Cleveland instructed that summons be served on

"Technisort Inc.
2121 East 32nd. Street
Cleveland, Ohio 44115
"c/o John Nicks [sic], President"

Service of summons on Technisort, Inc., in care of its president, is in accord with Crim. R. 4(D)(3),[2] which provides in part:

"* * * A summons to a corporation shall be served in the manner provided

---

[2] See, also, R.C. 2941.47, which provides in relevant part:

"When an indictment is returned or information filed against a corporation, a summons commanding the sheriff to notify the accused thereof, returnable on the seventh day after its date, shall issue on praecipe of the prosecuting attorney. Such summons with a copy of the indictment shall be served and returned in the manner provided for service of summons upon corporations in civil actions. * * *"

for service upon corporations in Civil Rules 4 through 4.2 and 4.6(A) and (B), except that the waiver provisions of Civil Rule 4(D) shall not apply. * * *"

Civ. R. 4.2(6), in turn, states:

"Service of process, except service by publication as provided in Rule 4.4(A), pursuant to Rule 4 through Rule 4.6 shall be made as follows:

"* * *

"(6) *Upon a corporation* either domestic or foreign; by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of business; *or by serving an officer or a managing or general agent of the corporation;"* (Emphasis added.)

Technisort, Inc., through its attorney, Audrey Davis, appeared in court in response to the summons and entered a plea of not guilty. Appellant did not appear, nor was he required to do so. Crim. R. 43(A) states:

"(A) Defendant's Presence. The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict. *A corporation may appear by counsel for all purposes."* (Emphasis added.)[3]

Nevertheless, the appellant was present for trial, with his own counsel, because of the trial judge's mistaken belief that the presence of the president of the corporation was required:

"Obviously, the corporation cannot walk in here. It's [*sic*] president must walk in here or the person who is responsible for — who had the responsibility for filing of the affidavit."

At trial, Technisort, Inc., through its attorney, Ms. Davis, changed its plea to no contest. The trial court then demanded that appellant enter a plea as well.[4] Appellant pleaded not guilty, and requested a continuance to prepare for trial. The continuance was denied, and the court instructed the city to proceed with its proof. The city's attorney was not prepared to go forward, and he too requested a continuance. At that point, for a reason not explained by the record, appellant Nix changed his plea to no contest, "reserving the objections that he has not been charged, nor has he been arraigned in this matter." Both Technisort, Inc., and appellant were found guilty.

From that judgment, appellant Nix appeals and assigns seven errors for review.

A

Appellant asserts in his fourth assignment of error that "it was reversible error and a denial of due process of law for the trial court to impose a sentence on appellant when he was not named as a defendant in the criminal

---

[3] See, also, R.C. 2941.47, which provides in part:

"* * * Such corporation shall appear by one of its officers or by counsel on or before the return day of the summons served and answer to the indictment or information by motion, demurrer, or plea, and upon failure to make such appearance and answer, the clerk of the court of common pleas shall enter a plea of 'not guilty.' Upon such appearance being made or plea entered, the corporation is before the court until the case is finally disposed of. On said indictment or information no warrant of arrest may issue except for individuals who may be included in such indictment or information."

[4] The trial judge had previously stated:

"And, John Nix, I would say that whatever disposition is made as to one would apply to the other."

complaint and was not served with summons in an individual capacity."

The United States Supreme Court established the law on this issue more than a century ago. The court held that it is:

"* * * fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute." *United States* v. *Simmons* (1877), 96 U.S. 360, 362.[5]

In the case at bar, the complaint and summons designated Technisort, Inc., as the accused. *Appellant was not charged in the complaint and never formally charged with any violation of the Cleveland Municipal Income Tax Code.* His name appeared on the complaint and summons only as the proper person upon whom service on the corporation could be consummated.

The law authorizes the city to proceed against a corporation alone. See *United States* v. *Union Supply Co.* (1909), 215 U.S. 50 (corporation is a "person" for purpose of internal revenue prosecution). Or, if it chose to, the city could have prosecuted both Technisort, Inc., and appellant. See *United States* v. *Beacon Brass Co.* (1952), 344 U.S. 43 (indictment charged both corporation and its president with tax evasion); *United States* v. *American Stevedores, Inc.* (S.D.N.Y. 1954), 16 F.R.D. 164.

However, the law clearly prohibits the city from prosecuting appellant without first formally charging him. Similarly, the trial court was without power to convict and sentence appellant, because he had never been accused.

"* * * A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court." *Albrecht* v. *United States* (1927), 273 U.S. 1, 8; see, also, 2 Wharton's Criminal Procedure (Torcia 12 Ed. 1975) 8, Section 225, and cases cited therein.

Because appellant was not named as a defendant,[6] he was not formally accused, and any subsequent conviction or sentence entered against him was consequently void.

The city of Cleveland conceded at trial that the complaint charged the corporation, and that appellant's name was added as a representative for service of summons. Nevertheless, the city argues that, pursuant to Cleveland Codified Ordinances Section 191.0314, appellant was properly before the court. Section 191.0314, defining "person," states:

" 'Person' means every natural person, partnership, fiduciary, association or corporation. Whenever used in any clause prescribing and imposing a penalty, 'person' as applied to any unincorporated entity, means the partners or members thereof, and as applied to corporations, the officers thereof."

The city interprets the language of the above-quoted section to mean that whenever a corporation is found guilty of a violation of the municipal income tax code, any or all of the corporate officers are automatically guilty as well, and subject to punishment. Implicit in this interpretation would be the power

---

[5] Accord *State* v. *Roche* (App. 1955), 72 Ohio Law Abs. 462; *Toledo* v. *Kohlhofer* (1954), 96 Ohio App. 355; see, also, Scott, Fairness in Accusation of Crime (1957), 41 Minn. L. Rev. 509.

[6] "The surname of the defendant must be alleged in the charging part of the accusation, and its omission therefrom is fatal to the accusation or indictment." *Culpepper* v. *Georgia* (1931), 173 Ga. 799, 800, 161 S.E. 623, 624.

in the municipal court to convict and sentence the other officers of Technisort, Inc., based on the corporation's plea of no contest; this would be the case, despite the fact that those other officers were not named as defendants, did not enter an appearance in court, were not individually represented by counsel, entered no pleas, and may have had no actual notice of the prosecution at all.

This court will not countenance such a gross denial of due process. We interpret Section 191.0314 to authorize, *inter alia,* fines and/or imprisonment, as appropriate, against corporations and/or corporate officers who are found guilty of income tax violations. However, no penalty may be imposed against any person, natural or otherwise, who has not been formally accused and found guilty in accordance with constitutional principles of due process.

The fact that appellant entered a plea of no contest is not dispositive of this issue. A trial court is not required to accept a plea of no contest. See Crim. R. 12(G). Furthermore, a trial court is not permitted to accept a plea of no contest when the facts recited to the court establish that the defendant could not be convicted of the offense charged. See *State* v. *Cohen* (1978), 60 Ohio App. 2d 182 [14 O.O.3d 142].

Appellant in the case at bar could not have been convicted of municipal tax violations because he was not charged with those violations. Appellant's fourth assignment of error is therefore well-taken.

## B

As the discussion above makes clear, the judgment against appellant is void *ab initio.* Nonetheless, this court is required by App. R. 12(A) to examine each of the remaining errors assigned by appellant.

Appellant contends in his first assigned error that:

"It was reversible error for the trial court to deny appellant's request for a continuance after appellant's prior counsel withdrew from the case shortly before trial."

Appellant states in his brief to this court that he was discharged as president of Technisort, Inc., on April 11, 1984, and that counsel for the corporation, perceiving a conflict of interest, refused to represent him. Appellant goes on to say that he was unable to obtain his own defense counsel until May 28, 1984, the day before trial. There are no affidavits or other sworn evidence in the record to substantiate these assertions.

At trial, counsel for appellant and counsel for the corporation repeatedly insisted to the court that appellant had not been charged and was not on trial. The court rejected their arguments and demanded a plea from appellant. Appellant pleaded not guilty and requested a continuance. The request was denied. Thereafter, appellant changed his plea to no contest.

The Supreme Court has described the standard of review applicable to motions for continuance:

"Whether a motion for a continuance should be granted is within the sound discretion of the trial court, and, upon appeal, this determination will not be disturbed absent an abuse of discretion." *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, 181 [16 O.O.3d 201].

"Abuse of discretion" implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Ojalvo* v. *Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St. 3d 230; *State* v. *Adams* (1980), 62 Ohio St. 2d 151 [16 O.O.3d 169].

Because the record is devoid of supporting evidence, we reject the appellant's contention that he was unable to retain defense counsel until the day before trial. Nevertheless, this court is persuaded that, with the posture of the

evidence as it is in the case at bar, it was an abuse of discretion for the trial court to deny appellant's motion for a continuance.

A contrary holding would require a person to pay the full cost of a complete defense despite the fact that no formal charge ever was filed against him. This court is convinced that such a determination would be unreasonable. In the instant case, appellant repeatedly pointed out to the trial court that he had not been charged. We are further convinced that appellant was justified in assuming that, once the court was apprised of that fact, all proceedings against him would terminate, at least temporarily.

We find that it was unreasonable for the trial court to proceed with the trial of appellant. It was also unreasonable, under the circumstances, for the trial court to deny a continuance. Appellant's first assignment of error is sustained.

In his second assigned error appellant contends that:

"It was reversible error for the trial court to fail to advise defendant of the consequences of pleading no contest."

Crim. R. 11(E), governing misdemeanor cases involving petty offenses, provides:

"* * * In misdemeanor cases involving petty offenses *the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.*

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision." (Emphasis added.)

This rule imposes a mandatory duty on the trial court to advise the accused, and the record must affirmatively demonstrate that the court discharged that duty. *Toledo* v. *Chiaverini* (1983), 11 Ohio App. 3d 43.

It is undisputed that in the case at bar the court did not inform appellant of the effect of a plea of no contest. The trial court erred in accepting appellant's plea without first complying with the rule. *Chiaverini, supra.* Appellant's second assignment of error is sustained.

In appellant's third assigned error, he contends that:

"It was reversible error and an abuse of discretion for the trial court to fail to follow statutory guidelines for imposition of setences [*sic*] and to impose a sentence on appellant that was harsher than the circumstances of the offense dictated."

The statute governing the imposition of sentence for misdemeanors, R.C. 2929.22, provides in pertinent part:

"(A) In determining whether to impose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender, and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him."

This section and the corresponding section relating to felonies (R.C. 2929.12) were considered by the court in *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153 [11 O.O.3d 137]. The court stated:

"* * * These sections speak throughout in terms of what the court *shall* and *shall not do.* They set down criteria and guidelines which the court must consider in exercising its discretion. Resultantly a failure to weigh these criteria and guidelines can only be considered an abuse or failure to exercise the required judicial discretion." 57 Ohio App. 2d at 155. See, also, *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65 [21 O.O.3d 371].

At trial, the following exchange occurred between appellant's counsel and the trial judge:

"MR. MCFADDEN: Your Honor, before we talk to Mr. Rodriguez on that issue, I would like to point out here that Mr. Nix is no longer an officer in the corporation, has fully paid all these liabilities.

"THE COURT: What difference does that make?

"MR. MCFADDEN: Well, it seems to me that part of the Code's purpose is to insure that there is [sic] no further violations. And punishing Mr. Nix in this case isn't going to accomplish that.

"THE COURT: Where in the Code does it say that?

"MR. MCFADDEN: Well, I'm assuming that, Your Honor.

"THE COURT: Well, that assumption is absolutely wrong. The charge is a specific violation dating from 12-31-81 to 12-31-83 and the time in between. This is not a collectin [sic] case, this is a criminal case.

"MR. MCFADDEN: I understand that.

"THE COURT: All right. What does the prosecutor have to say on this?"

The trial court's refusal to consider the criteria listed in R.C. 2929.22 appears, at first glance, to be a clear-cut abuse of discretion, under *Clardy* and *Bee*. However, both *Clardy* and *Bee* can be distinguished. Both of these cases involved the arbitrary imposition of maximum sentences, whereas in the case at bar the sentence was considerably less severe than the maximum authorized by Section 191.99 of the municipal income tax code.

Morevoer, it is significant that the exchange quoted above took place *before* appellant changed his plea to no contest.

This factor may have accounted for the trial court's confusion. The court did allow defense counsel to address the issue of mitigation after the pleas had been entered.

Considering the entirety of evidence on this issue we are not convinced that the record demonstrates that the trial court failed to consider the criteria set forth in R.C. 2929.22. Therefore, this court finds no abuse of discretion. The appellant's third assignment of error is overruled.

In appellant's fifth, sixth, and seventh assigned errors appellant charges that:

"It was reversible error for the trial court to treat the city tax code as a strict liability statute.

"It was reversible error for the trial court to impose a sentence on appellant without determining that appellant had acted recklessly.

"It was a violation of Article I, Section 15 of the Ohio Constitution to imprison appellant for the nonpayment of a debt."

Appellant contends that Section 191.1505 ("Violations") does not specify a culpable mental state. In fact, however, the ordinance by its terms[7] provides for liability based on strict liability ("fail"), negligence ("neglect"), and purpose ("refuse"). The charging papers in the case at bar, however, specified only that the defendant "[d]id *fail* to file and/or pay * * *." (Emphasis added.) Insofar as a plea of no contest is an admission of the truth of the facts alleged in the complaint,[8] only failure to file or pay was admitted, not negligence or purpose.

The Ohio Supreme Court has held,

"A municipal income tax, due and unpaid, is a debt within the meaning of Section 15 of Article I of the Ohio Constitution, and, in the absence of wilful

---

[7] "No person shall:
"(a) Fail, neglect, or refuse * * *."

[8] See Crim. R. 11(B)(2).

failure or refusal to pay, or fraud, one may not be imprisoned for failure to pay such a tax. (*Voelkel* v. *Cincinnati,* 112 Ohio St. 374, modified.)

" A sovereign may make the wilful failure or refusal to pay or the fraudulent evasion of a tax an offense and provide for imprisonment therefor, and such imprisonment does not violate the provision of Section 15 of Article I of the Ohio Constitution prohibiting imprisonment for debt." *Cincinnati* v. *DeGolyer* (1971), 25 Ohio St. 2d 101 [54 O.O.2d 232], paragraphs one and two of the syllabus.

In the instant case, neither wilfulness nor fraud was alleged or proved. Consequently, imprisonment based upon mere failure to pay the tax due would be unconstitutional.

The city points out, however, that the complaint alleges not only a failure to pay the tax, but also a failure to file returns. Failure to file returns is not encompassed by the holding in *DeGolyer.* See *Cincinnati* v. *Medcalf* (Aug. 18, 1982), Hamilton App. Nos. C-810753 through C-810756, unreported. Imprisonment for failure to file returns is not unconstitutional.

Appellant's fifth, sixth, and seventh assignments of error are overruled.

### C
Accordingly, the judgment of the trial court is reversed as to appellant John Nix; appellant's sentence is vacated, and he is hereby ordered discharged.

*Judgment reversed*
*and sentence vacated.*

MARKUS and HOFFMAN, JJ., concur.

HOFFMAN, J., of the Fifth Appellate District, sitting by assignment in the Eighth Appellate District.