THE STATE OF OHIO, APPELLEE, *v.*
STOW VETERANS ASSOCIATION,
APPELLANT.

(No. 12626—Decided
January 28, 1987.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*John D. Lambert,* for appellant.

GEORGE, J. Defendant-appellant, Stow Veterans Association, appeals its conviction on a no contest plea to charges of operating a gambling house.

The parties stipulated to the following facts as included in the report of the State Liquor Control Department investigator who conducted the investigation. On November 26, 1985, at about 8:50 p.m., the investigator rang the buzzer next to the front door and was admitted to the bar. He observed a man playing one of two electronic video devices in the bar. Upon achieving a score of sixty points, the man approached the bar and requested "ten and five in quarters." The barmaid gave him one bill and $5 in quarters. The man returned to the machine and cleared the point total from it, while the barmaid wrote the payout on a pad located next to the register on the back bar.

The investigator then played one of the devices himself, achieving a score of forty points. At his request to cash in his points, the barmaid gave the investigator a twenty-dollar bill and noted the payout on the pad. She showed the investigator how to clear the points from the machine. The investigator left, but returned a few

minutes later with two other investigators, who inspected the premises and issued violation notices to an officer of the club. They confiscated evidence of the violations.

On February 4, 1986, the association was indicted on two counts: operating a gambling house pursuant to R.C. 2915.03(A)(1) in violation of R.C. 2915.02, and gambling pursuant to R.C. 2915.02(A)(1), (2), (3) or (4) and (5). On April 3, 1986, the association entered a plea of no contest to the charge of operating a gambling house. The gambling charge was dismissed.

The court found the association guilty of operating a gambling house, a fourth degree felony since the association had previously been convicted on a gambling charge. The association was assessed a $5,000 fine, of which $2,000 was suspended, and placed on two-year's probation. This court affirms the conviction.

The association urges this court to find the state erred in failing to prove two elements of the crime: (1) that the association received a profit from the machines, and (2) that the machines were games of chance, not requiring skill.

A plea of no contest is an admission of the facts alleged in the indictment. Crim. R. 11(B)(2). The prosecution is relieved of the burden of presenting evidence to prove the defendant guilty beyond a reasonable doubt. *State* v. *Thorpe* (1983), 9 Ohio App. 3d 1, 9 OBR 1, 457 N.E. 2d 912. A conviction will be improper only when statements of factual matter presented to the court in support of the indictment negate the existence of an essential element of the offense charged. *State* v. *Mercure* (Jan. 29, 1986), Lorain App. No. 3898, unreported; *Cleveland* v. *Technisort, Inc.* (1985), 20 Ohio App. 3d 139, 20 OBR 172, 485 N.E. 2d 294.

The indictment upon which the association entered its no contest plea

stated that the association "did use or occupy such premises for gambling, in violation of Section 2915.02 of the Revised Code." R.C. 2915.02 reads in pertinent part;

"(A) No person shall:
" * * *
"(2) Establish, promote, or operate, or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit[.]"

There is nothing in the stipulated statement to negate the association's admission that it was operating a "game of chance." Contrary to the association's contention, the state is not, upon a no contest plea, required to prove that the Greyhound Super Bowl game mentioned in the report did not involve skill in its playing. Absent any fact to the contrary, the association has admitted it operated a game of chance.

In arguing that the state failed to prove that the game was being conducted for profit, the association is apparently relying on the state's stipulation that the association is a nonprofit organization. The argument is made that it is impossible for a nonprofit organization to profit from the machines, since all its activities are tax exempt. The organization's tax-exempt status, however, has nothing to do with whether or not a game is conducted for profit under the criminal statutes.

R.C. 2915.01 defines the term:
"(E) 'Scheme or game of chance conducted for profit' means any scheme or game of chance *designed to produce income* for the person who conducts or operates the scheme or game of chance, but does not include a charitable bingo game." (Emphasis added.)

The investigator's report clearly shows that people put money into this machine—money later retrieved by a representative of the association. This is "income" for the association, and

the statute makes no distinction on the basis of what that income may be used for.

There being nothing in the stipulated statement to negate the essential elements of the offense charged in the indictment, this court concludes that neither of the association's arguments can prevail in light of its no contest plea.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.