JOURNAL ENTRY AND OPINION
The appellant, Richard C. Burrows, pro se, appeals his conviction and sentence imposed by the trial court pursuant to a no contest plea to the charge of domestic violence. For the reasons set forth below, we affirm the decision of the trial court.
On September 8, 2000, Burrows was arraigned on the charge of domestic violence and informed by the court of the charge:
 * * * [O]n or about September 8, 2000, within Broadview Heights, Cuyahoga County, Richard Burrows did knowingly cause or attempt to cause physical harm to a family or household member, to wit, did hit and punch live-in girlfriend, Theresa Yafanaro in violation of Revised Code Section 2919.25. * * *
The Court accepted Burrows' plea of not guilty to the charge and proceeded with the victim's motion for a Temporary Protection Order. The victim stated that she was afraid of Burrows when he would drink because he would become verbally and physically abusive. The motion for a Temporary Protection Order was granted, and Burrows was strictly forbidden from going anywhere near the victim or the child that he and the victim shared.
On November 14, 2000, after retaining counsel, Burrows entered a plea of no contest to the domestic violence charge. In addition to entering his plea, he waived the reading of facts and stipulated to a finding of guilt. The court found him guilty and continued the case for sentencing.
On January 3, 2001, at his sentencing, both Burrows and his counsel spoke to the court in an effort to mitigate the imposition of sentence. The trial court sentenced him to 180 days in jail, suspending 90 days, and imposed a fine of $1,000, suspending $250 of the fine.
Burrows appeals the decision of the trial court and asserts the following assignments of error.
 I. DEFENDANT WAS DENIED THE STATEMENT MADE BY THE VICTIM BEFORE HIS PLEA.
 II. DEFENDANT DENIED [SIC] WHEN COURT WAS NOT INFORMED OF HOSPITAL REPORTS FOR VICTIM FROM AN AUTO ACCIDENT THAT DAY.
 III. DEFENDANT WAS DENIED [SIC] WHEN THE STATEMENT WAS TAKEN FROM THE VICTIM WHILE NOT IN THE NORMAL STATE OF MIND.
In his first assignment of error, the appellant argues that the trial court failed to read the facts of the case into the record and that if the court had recited the facts, he would never have pled "no contest" to the charge.
R.C. 2937.07 governs the taking of misdemeanor pleas. In regard to a "no contest" plea, it provides in pertinent part:
 If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly.
Further, under Crim.R. 11(B)(2):
 The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
In a similar case, this court has stated that "under R.C. 2937.07, the record must provide an `explanation of circumstances' which includes a statement of the facts supporting all of the essential elements of the offense". City of Cleveland v. Manuel Serrano (Nov. 10, 1999), Cuyahoga App. No. 74552, unreported, 1990 Ohio App. LEXIS 5305, citing ChagrinFalls v. Katelanos (1998), 54 Ohio App.3d 1571, paragraph four of the syllabus. The trial judge must reject a plea if he or she feels that the explanation does not establish that the defendant could have been convicted of the offense charged. State v. Ritch (May 11, 1998), Scioto App. No. 97CA2491, unreported, 1998 Ohio App. LEXIS 2193, at 8; SeeCleveland v. Technisort, Inc. (1985), 20 Ohio App.3d 139. However, a defendant is not prohibited from waiving the "explanation of circumstances", as the appellant did in this case.
At trial, the trial judge stated to the appellant:
 THE COURT: And you mentioned earlier you'll be waiving a reading of facts stipulating to a finding of guilt, counsel?
MR. KOCHIS: Yes, your honor.
Additionally, under the "invited error" doctrine, the appellant cannot now raise an error that he himself invited or induced the trial court to make. State ex rel. Beaver v. Kontech (1998), 38 Ohio St.3d 519; Statev. Nievas (1997), 121 Ohio App.3d 451, 456. In this case, the appellant, through the actions of his counsel, waived the reading of the facts of the case. He is therefore prohibited from now raising the argument that he was not read the statement of the victim at the time he made his plea of no contest.
Therefore, appellant's first assignment of error is without merit.
In the appellant's second assignment of error, he maintains that he was prejudiced by the court and his own counsel when he was not informed that the victim had been injured in a car accident the same day as the alleged incident, which he claims was the true cause of her injuries.
An appellant cannot present evidence on appeal that was not presented to the court during the trial proceedings. The scope of this court's review is limited to the evidence presented at trial. The trial court record does not include evidence of a car accident involving the victim; therefore, it may not be reviewed by this court.
Appellant's argument suggests an additional claim of ineffective assistance of counsel. For an ineffective assistance of counsel claim to be raised, there must be evidence to satisfy the test established inStrickland v. Washington (1984), 446 U.S. 668, 689:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
 Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
The Supreme Court of the United States has established that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." State v.Bradley (1989), 42 Ohio St.3d 136, 142, quoting Strickland,446 U.S. at 689.
The appellant in this case has failed to present any evidence that would suggest that the performance of his counsel was anything but proper. The only evidence presented demonstrates that appellant's attorney properly represented his client. The attorney stated on the record that he had met with the prosecution and that they had exchanged information about the case. Beyond a blind assertion, the appellant presented no evidence to suggest that the actions of counsel were so "serious" or "deficient" that they prejudiced the appellant in any way. Appellant's second assignment of error is therefore without merit.
In the appellant's final assignment of error, he contends that he was again prejudiced because the alleged victim in this case was under the influence of medication when she made her first report and that she made two subsequent statements, both denouncing the first statement she made immediately after the offense.
Through the appellant's action in entering a plea of no contest, he has made a blanket "admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). He is therefore precluded from now asserting a claim against the weight of the evidence. Appellant's final assignment of error is without merit.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.