[Cite as *State v. O'Brien*, 2017-Ohio-7219.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : | |
| -vs- | : | |
|  | : | Case No. 17-CA-14 |
| JACOB M. O'BRIEN | : | |
|  | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Criminal appeal from the Licking Municipal
Court, Case No. 16-CRB-2501

JUDGMENT:         Affirmed

DATE OF JUDGMENT ENTRY:   August 10, 2017

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant
J. MICHAEL KING       DAVID STOKES
Assistant Law Director      33 West Main Street, Suite 102
40 West Main Street, 4th Floor   Newark, OH 43055
Newark, OH 43055

*Gwin, P.J.*

{¶1} Defendant-appellant Jacob M. O'Brien ["O'Brien"] appeals his conviction and sentence for one count of injuring animals after a no contest plea in the Licking County Municipal Court.

*Facts and Procedural History*

{¶2} On or about December 13, 2016, O'Brien was charged with injury to a dog that belonged to his neighbors, in violation of Section 959.02 of the Ohio Revised Code, a misdemeanor of the second degree.

{¶3} Specifically, the Complaint stated,

Did maliciously or willfully, without consent of the owner, kill or injure

a dog.

{¶4} At the change of plea hearing on February 14, 2017, the state set forth the following statement of the circumstances for the charge:

Thank you. Please the court, sometime between August 5th and October 1st, 2016 in Licking County, Ohio, John Shumate and Stacy Shumate were the owners of a Labrador Retriever. They returned from vacation and discovered a spot that appeared to be injured. They took the animal to the vet, Veterinarian in Alexandria. It was discovered that the dog had been shot, about 15 times, I think, with a pellet gun, and that was still embedded into the dog. Investigation proceeded, they made contact with the neighbor, the defendant Jacob O'Brien, who did admit that the dog was barking and he used a pellet gun, did not think that it was injuring or entering the dog, but did admit to shooting the dog. Thus far, I think

there was $174 dollar bill.  The defendant did produce a check, excuse

me, for that amount of money, that was not cashed at this point in time

and there may be some ongoing expenses, we'll talk about that, may not

be germane to the no contest plea.

T. at 3-4.  O'Brien agreed with the facts as presented by the state.  T. at 4.

{¶5}    The trial court found O'Brien guilty.  When asked for his statement, Mr. Shumate told the trial judge "I feel that he should not be in possession of any kind of guns, air rifle, for a few years…" T. at 7.  The state then asked the trial court to "consider forfeiting the air rifle that was involved with this."  T. at 7.

{¶6}    The trial court sentenced O'Brien to 90 days in jail, suspending 45 days, one-year probation, a $500.00 fine, suspending $250.00 and court costs.

{¶7}    The trial court then asked O'Brien's attorney if "you wish to be heard regarding the State's motion for forfeiture?  Or, do you want to address that at the restitution hearing?'  T. at 9.  Counsel for O'Brien stated, "We'll agree to a forfeiture, Your Honor."  T. at 9.

*Assignments of Error*

{¶8}    O'Brien presents five assignments of error for our consideration,

{¶9}    "I. THE "COMPLAINT" FAILS TO INCLUDE ALL ESSENTIAL ELEMENTS RENDERING IT TO BE VOID/INVALID.

{¶10}   "II. THE TRIAL COURT'S ORDER OF FORFEITURE IS UNLAWFUL.

{¶11}   "III. THE ALLEGED OFFENSE, R.C. 959.02, DOES NOT APPLY HEREIN, PURSUANT TO R.C. 959.04.

{¶12} "IV. APPELLANT NEITHER WILLFULLY NOR MALICIOUSLY INJURED OR KILLED A DOG.

{¶13} "V. THE TRIAL COURT FAILED TO FULLY COMPLY WITH R.C. 2937.07."

I.

{¶14} In his first assignment of error, O'Brien contends that the complaint omits an essential element of the charge and is therefore void. Specifically, O'Brien notes that R.C. 959.02, states,

> No person shall maliciously, or willfully, and without the consent of the owner, kill or injure a horse, mare, foal, filly, jack, mule, sheep, goat, cow, steer, bull, heifer, ass, ox, swine, dog, cat, or other domestic animal that is the property of another. This section does not apply to a licensed veterinarian acting in an official capacity.

{¶15} O'Brien argues that the "complaint" in the case at bar omits the essential element "that is the property of another."

{¶16} On December 16, 2015, the state filed a Bill of Particulars setting forth the following additional facts,

> Between August 5, 2016 and October 1, 2016, the Defendant maliciously or willfully injured a dog owned by his neighbors, John and Stacey Shumate…by shooting it with a pellet gun. Multiple pellets penetrated the dog's skin. This was done without the consent of the dog's owners.

{¶17} When the offense does not track the language of the statute, Crim.R. 7(D) addresses amendments to criminal indictments: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." The Ohio Supreme Court has held that "[a]n indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. (Crim.R. 7[D], construed and applied.)" *State v. O'Brien*, 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144(1987), paragraph two of the syllabus. *Accord, State v. Horner,* 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶9; *State v. Davis,* 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶6.

{¶18} In the case at bar, the trial court was clearly permitted to amend the Complaint to consider the additional fact that the dog in question was "the property of another." The nature and identity of the criminal offense and the penalty were not altered. O'Brien cannot claim that he was prejudiced by any such amendment because he at all times admitted that he shot the dog and that his neighbors, the Shumate's, owned the dog. The fact that the Shumate's owned the dog is in and of itself proof that the dog "was the property of another."

{¶19} O'Brien's first assignment of error is overruled.

II.

{¶20} In his second assignment of error, O'Brien contends that the trial court's order forfeiting the gun used in the commission of the offense is unlawful.

{¶21} In the case at bar, the trial court gave O'Brien the opportunity to set the matter for a hearing; however, O'Brien decline and agreed to forfeit the gun.

{¶22} Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 1995-Ohio-40, 646 N.E.2d 1115(1995) *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359,1994-Ohio-302, 626 N.E.2d 950(1994). *See, also*, *Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943) paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> [t]he law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, quoting *State v. Kollar* (1915), 93 Ohio St. 89, 91, 112 N.E. 196.

{¶23} Since any error in the court's ordering forfeiture was induced by his own assent to the forfeiture and rejection of a hearing on the matter, he arguably cannot now claim the trial court could not order a forfeiture of the gun.

{¶24} O'Brien's second assignment of error is overruled.

III.

{¶25} In his third assignment of error, O'Brien argues that his actions were legally justified under Section 959.04 of the Ohio Revised Code, which states,

Sections 959.02 and 959.03 of the Revised Code do not extend to a person killing or injuring an animal or attempting to do so while endeavoring to prevent it from trespassing upon his enclosure, or while it is so trespassing, or while driving it away from his premises; provided within fifteen days thereafter, payment is made for damages done to such animal by such killing or injuring, less the actual amount of damage done by such animal while so trespassing, or a sufficient sum of money is deposited with the nearest judge of a county court or judge of a municipal court having jurisdiction within such time to cover such damages. Such deposit shall remain in the custody of such judge until there is a determination of the damages resulting from such killing or injury and from such trespass. Such judge and his bondsmen shall be responsible for the safekeeping of such money and for the payment thereof as for money collected upon a judgment.

{¶26} There is no evidence in the record, and O'Brien cites to none in his brief that the dog was shot while O'Brien was endeavoring to prevent it from trespassing

upon his enclosure, or while it is so trespassing, or while driving it away from his premises. O'Brien admitted he shot the dog because it was barking. There is no evidence that the dog was shot on O'Brien's property.

**{¶27}** O'Brien's third assignment of error is overruled.

IV.

**{¶28}** In his fourth assignment of error, O'Brien alleges that the state failed to establish that he acted willfully or maliciously.

**{¶29}** In *In re Taylor*, 4th Dist. No. 1594, 1986 WL 12954 (Nov. 14, 1986), the court reviewed a similar argument,

> Although not specifically embodied in an assignment of error, appellant appears implicitly to be arguing that the evidence was insufficient to find beyond a reasonable doubt that appellant acted "maliciously" or "willfully" since he only intended to scare the dog. The court was not required to accept appellant's version of the shooting since his credibility was for the court to decide. In our view, under all the evidence, reasonable minds could reach different conclusions of what occurred and, thus, the issue was for the trial court to resolve and his conclusion that the elements of the offense were established should not be disturbed on appeal. *State v. Walker* (1978), 55 Ohio St.2d 208.

**{¶30}** In addition, O'Brien plead no contest,

> The procedure specified in Crim.R. 11(C) does not envision an affirmative-defense hearing or mini-trial, such as the one previously held by Judge Mascio in a case similar to the underlying case, which resulted

in acquittal of the defendant on the charged trafficking offense.  "'The essence of the "no contest" plea, is that the accused cannot be heard in defense.  Thus any statement by him must be considered as in mitigation of penalty.'"  *State v. Herman* (1971), 31 Ohio App.2d 134, 140, 60 O.O.2d 210, 214, 286 N.E.2d 296, 300, quoting Rueger, Schneider's Ohio Criminal Code (3 Ed.1963) 49, Section 10.1, fn. 4; *State v. McMillen* (Mar. 16, 1989), Franklin App. No. 88AP-477, unreported, 1989 WL 252398.

Although the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense.  *See State v. Gilbo* (1994), 96 Ohio App.3d 332, 337, 645 N.E.2d 69, 72; *see, also, State v. McCuen* (June 16, 1995), Columbiana App. No. 92-C-83, unreported, 1995 WL 360764.  By pleading no contest, the defendant waives his right to present an affirmative defense.  *See State v. Harris (*Mar. 31, 1994), Franklin App. No. 93APA12-1726, unreported, 1994 WL 110709.  In this respect, Ohio's no contest plea is similar to the "nolo contendere" plea in other jurisdictions.  See, generally, 1 Wright, Federal Practice and Procedure (1982) 662-665, Section 177; LaFave & Israel, Criminal Procedure (1985) 801-802, Section 20.4(a).

*State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424, 662 N.E.2d 370(1996).

{¶31} In addressing a similar argument the Sixth District Court of Appeals concluded, "By applying the principles of statutory construction long followed by courts

in the interpretation of statutes, including the apparent object of R.C. 959.02, its legislative history, the common usage of terms, and the adverse consequences of a contrary construction, we conclude that "willfully" as it appears in R.C. 959.02 means "purposely" as it appears in R.C. 2901.22."  6th Dist. No. L-00-1061, L-00-1062, 2000 WL 1595725(Oct. 27, 2000).  R.C 2901.22(A) defines "purposely,"

(A) A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature.

**{¶32}**  In the case at bar, the trial court noted,

I put absolutely no credibility or stock whatsoever in the defendant's statements that he didn't realize what was going on.  If this was an isolated incident and it happened once, it would still be unfortunate, but perhaps somewhat more understandable.  This is a course of conduct that went on for approximately two months and this animal was shot 15 different times at the very least.  It was obviously shot at more, because that's in evidence by the number of pellets embedded in the wall, the privacy fence.

\* \* \*

T. at 7-8.  It is undisputed that O'Brien aimed a rifle at the dog and shot it 15 times.  The intent with which an act is committed may be inferred from the act itself and the surrounding circumstances, including acts and statements of a defendant. *State v. Garner*, 74 Ohio St.3d 49, 60, 1995-Ohio-168, 656 N.E.2d 623, 634(1995);

*State v. Wallen*, 21 Ohio App.2d 27, 34, 254 N.E.2d 716, 722(5th Dist. 1969).

"Intent need not be proven by direct testimony." *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293, 302(1990).

{¶33} In the case at bar, shooting 15 pellets into a barking dog over a period of two to three months certainly supports a finding that O'Brien's actions were willful and/or malicious.

{¶34} O'Brien's fourth assignment of error is overruled.

V.

{¶35} In his fifth assignment of error, O'Brien contends that the trial court failed to fully comply with R.C. 2937.07. Specifically, O'Brien contends where the explanation of circumstances surrounding the no contest plea do not establish all of the elements of the offense, a defendant has a substantive right to be discharged by a finding of not guilty.

> A plea of no contest is an admission of the facts alleged in the indictment. Crim.R. 11(B)(2). The prosecution is relieved of the burden of presenting evidence to prove the defendant guilty beyond a reasonable doubt. *State v. Thorpe* (1983), 9 Ohio App.3d 1, 9 OBR 1, 457 N.E.2d 912. A conviction will be improper only when statements of factual matter presented to the court in support of the indictment negate the existence of an essential element of the offense charged. *State v. Mercure* (Jan. 29, 1986), Lorain App. No. 3898, unreported [Available on WESTLAW, 1986 WL 1350]; *Cleveland v. Technisort, Inc.* (1985), 20 Ohio App.3d 139, 20 OBR 172, 485 N.E.2d 294.

*State v. Stow Veterans Association,* 35 Ohio App.3d 45, 46, 519 N.E.2d 660(9th Dist. 1987). Appellate review of a trial court's finding of guilt on a no contest plea to a misdemeanor is de novo: We review the explanation of circumstances to determine if there is sufficient evidence in the record to establish all of the elements of the offense. *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532, 535 (1984).

{¶36} The trial court was permitted to amend the complaint and O'Brien was not prejudiced by the amendment because O'Brien admitted that he shot his neighbor's dog with pellets 15 times for barking. [Assignment of Error I, *supra*.] This act was sufficient to demonstrate that O'Brien's actions were "malicious" or "willful." [Assignment of Error IV, *supra*] It is beyond contention that the dog was injured as a result of having 15 pellets shot into the animal, which pellets remain embedded below the surface of the dog's skin. There is no evidence in the record, and O'Brien cites to none in his brief that the dog was shot while O'Brien was endeavoring to prevent it from trespassing upon his enclosure, or while it is so trespassing, or while driving it away from his premises. [Assignment of Error III, *supra*]. O'Brien admitted he shot the dog because it was barking. Because there is no evidence that the dog was shot on O'Brien's property or that O'Brien was endeavoring to prevent it from trespassing, R.C. 959.04 does not apply to O'Brien's case.

{¶37} In the case at bar, we find that the trial court fully complied with R.C. 2937.07. We find sufficient, credible evidence in the record to establish all of the elements of the offense.

{¶38} O'Brien's fifth assignment of error is overruled.

{¶39}  The judgment of the Licking County Municipal Court is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur