[Cite as *State v. Freeman*, 2018-Ohio-2093.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2017-0068 |
| JOHN E. FREEMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:  Criminal appeal from the Muskingum
County Court, Case No. TRC1704449

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  May 29, 2018

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

MOLLY MARTIN                 VALERIE K. WIGGINS
Box 189                       107 S. Main St.
Zanesville, OH 43702-0189      New Lexington, OH 43764

*Gwin, J.,*

{¶1} Defendant-appellant John Freeman ["Freeman"] appeals his conviction and sentence after a no contest plea in the Muskingum County Court. The Appellee State of Ohio has not filed a brief in this case.

*Facts and Procedural History*

{¶2} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts in Freeman's brief that are outside of the record.

{¶3} The record transmitted to this court establishes the following facts.

{¶4} Freeman was charged in Muskingum County Court on August 3, 2017 with multiple charges including violations of OVI in violation of R.C. 4511.19(A)(1)(A), OVI low test in violation of R.C. 4511.19(A)(1)(D), Driving Under OVI Suspension in violation of R.C. 4510.14 and a Marked Lanes violation in violation of R. C. 4511.33(A). This was

Freeman's eighth OVI offense in twenty years.  T. Aug. 25, 2017 at 11.  Freeman was also on felony probation at the time of the offense.  Id. at 10.

{¶5}    On August 25, 2017, Freeman pled no contest to the charges.  The trial court found Freeman guilty.  The sentences were imposed consecutively for an aggregate jail sentence of 360 days.

*Assignment of Error*

{¶6}    Counsel for Freeman has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) asserting one potential assignments of error:

{¶7}    "I. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A CONTINUANCE WHEN THE PROSECUTOR DID NOT ACT IN ACCORDANCE WITH THE OHIO RULES OF CRIMINAL PROCEDURE."

*Law and Analysis*

{¶8}    In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw.  386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.  Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses.  Id.  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss

the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  Id.

{¶9}    By Judgment Entry filed March 28, 2018,  this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that she had served Freeman with the brief.  Accordingly, this Court notified Freeman via Certified U.S. Mail that he "may file a pro se brief in support of the appeal on or before April 30, 2018."

{¶10} We find Freeman's counsel in this matter has adequately followed the procedures required by *Anders.*  Freeman has not filed a pro se brief.

I.

A plea of no contest is an admission of the facts alleged in the indictment.  Crim.R. 11(B)(2).  The prosecution is relieved of the burden of presenting evidence to prove the defendant guilty beyond a reasonable doubt.  *State v. Thorpe* (1983), 9 Ohio App.3d 1, 9 OBR 1, 457 N.E.2d 912.  A conviction will be improper only when statements of factual matter presented to the court in support of the indictment negate the existence of an essential element of the offense charged.  *State v. Mercure* (Jan. 29, 1986), Lorain App. No. 3898, unreported [Available on WESTLAW, 1986 WL 1350]; *Cleveland v. Technisort, Inc.* (1985), 20 Ohio App.3d 139, 20 OBR 172, 485 N.E.2d 294.

*State v. Stow Veterans Association,* 35 Ohio App.3d 45, 46, 519 N.E.2d 660(9th Dist. 1987).  Appellate review of a trial court's finding of guilt on a no contest plea is de novo: We review the explanation of circumstances to determine if there is sufficient evidence

in the record to establish all of the elements of the offense. *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532, 535 (1984).

{¶11} In the case at bar, Freeman waived the explanation of circumstances. T. Aug. 25, 2018 at 10.

{¶12} Freeman's proposed assignment of error alleges that his trial counsel was ineffective in failing to request a continuance because Freeman was not provided a notice of the prosecutor's intention to use evidence, was not provided with a witness list, and was not timely provided with access to discovery to photograph or copy evidence pursuant to Crim.R. 16(H).

{¶13} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶14} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

{¶15} In *State v. Wilson*, the Court of Appeals observed,

> The decision to forego discovery could be a sound trial strategy, albeit one that was ultimately unsuccessful. *See State v. Williams* (Mar. 27, 1991), Lorain App. No. 90CA004830, *citing State v. Flors* (1987), 38

Ohio App.3d 133, 139, 528 N.E.2d 950. The reasonableness of counsel's

determination concerning the extent, method and scope of any criminal

discovery necessarily depends upon the particular facts and

circumstances of each case. *State v. Wilson* (Oct. 22, 1992), Cuyahoga

App. No. 61199; *State v. Allen*, 10th Dist. No. 02AP-862, 2003-Ohio-1114

at ¶ 7.

8th Dist. Cuyahoga No. 61199, 1992 WL 309378 (Oct. 22, 1992) at *1. Effective

representation carries with it a duty to investigate. The reasonableness of

counsel's determination regarding the extent, method, and scope of any criminal

pretrial discovery necessarily depends upon the particular facts and

circumstances of each case. *See, State v. McCants,* 7th Dist. Mahoning No. 13

MA 25, 2014-Ohio-4044, ¶20; *State v. Degaro,* 12th Dist. Butler No. CA2008-09-

227, 2009-Ohio-2966, ¶15; *State v. Blausey,* 5th Dist. Licking No. 2006-CA-36,

2006-Ohio-5536, ¶75.

{¶16} In the case at bar, the trial court file contains the traffic citations, police

report, narrative police report, arrest report, BAC Datamaster Operational Checklist,

BAC test results, Muskingum County Sherriff Call for Service reports, and LEADS

printout.

{¶17} Freeman has failed to demonstrate any prejudice from his trial counsel's

representation. Further, the record clearly demonstrates that trial counsel was aware

of the witnesses and evidence underlying the charges against Freeman.

*Conclusion.*

{¶18} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court.

By Gwin, J.,

Wise, P.J., and

Hoffman, J., concur