OPINION
{¶ 1} Appellant, the Ohio Liquor Control Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas reversing the commission's decision to sanction appellee, Loom Lodge 2156 Northfield ("Loom Lodge"), for violating Ohio Adm. Code4301:1-1-53 ("Rule 53"). For the following reasons, we reverse the judgment of the trial court and affirm the commission's decision to sanction Loom Lodge.
 {¶ 2} Loom Lodge is a D-4 liquor permit holder in Northfield, Ohio. On May 2, 2000, agents from the Ohio Department of Public Safety ("ODPS") and the Summit County Sheriff's Office conducted an administrative search of the Loom Lodge premises to investigate a complaint of gambling. Their investigative report indicates that, during the search, the agents found a glass container in which there were intact tip tickets labeled "Stingers" and "Super Cherry." There were also cigar boxes discovered containing $16 from the sale of Stingers tip tickets and $10 from the sale of Super Cherry tip tickets. As a result, ODPS issued a notice of hearing to Loom Lodge, contending it had violated Rule 53 by allowing gambling on its premises.
 {¶ 3} At the hearing on this matter, Loom Lodge stipulated to the facts set forth in the ODPS investigative report which was admitted into evidence. Part of that report also included a general description of a tip ticket, which stated, in pertinent part, "[t]hey (tip tickets) also are produced in such a way that profit is guaranteed. Losing tickets outnumber the winning tickets, assuring purchase monies are more than payouts." After the hearing, the commission found that Loom Lodge had violated Rule 53 by allowing gambling on its premises and ordered Loom Lodge to either pay a $15,000 fine or serve a 150-day permit suspension. Loom Lodge appealed the commission's decision to the Franklin County Court of Common Pleas. That court found there was not reliable, probative, and substantial evidence in the record to establish that Loom Lodge sold the tip tickets for profit. Therefore, the lower court reversed the commission's decision.
 {¶ 4} The commission appeals, assigning the following assignment of error:
 {¶ 5} "The common pleas court abused its discretion and erred to the prejudice of the Liquor Control Commission when it ruled the order of the Liquor Control Commission finding Appellant-Appellee Loom Lodge 2156 guilty of gambling on its liquor permit premises in violation of Rule4301:1-1-53, Ohio Admin. Code, was not supported by sufficient evidence."
 {¶ 6} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows:
 {¶ 7} "* * * (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination as to whether the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Medical Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 9} The commission contends that the lower court erred in concluding there was insufficient evidence to find a violation of Rule 53. Specifically, the commission argues that the lower court erred in finding there was not reliable, probative and substantial evidence to prove that Loom Lodge permitted the sale of tip tickets for profit. Appellee contends that the lower court correctly determined that the commission failed to establish all of the elements of the alleged violation.
 {¶ 10} In order to find a violation of Rule 53, the commission must receive evidence tending to prove the same elements that are required to sustain a criminal conviction of one of the gambling offenses listed in R.C. 2915.01(G). VFW Post 8586 v. Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79, paragraph two of the syllabus. In determining whether or not there was sufficient evidence to show that a gambling device had been used to violate R.C. 2915.02(A)(2), the court in VFW Post 8586 stated that such violation need not be proved by direct evidence, and the commission was permitted to draw reasonable inferences based upon the evidence before it. Id. at 82; Weller v. Ohio Liquor Control Comm., Franklin App. No. 02AP-333, 2002-Ohio-6308, at ¶ 20. Further, the court stated that a Rule 53 violation must be shown by a preponderance of the evidence. Id. at 81; American Legion Post 200 v. Ohio Liquor Control Comm., Franklin App. No. 01AP-684, 2001-Ohio-8776.
 {¶ 11} R.C. 2915.02(A)(2) is one of the gambling offenses set forth in R.C. 2915.01(G)(1). R.C. 2915.02(A)(2) provides that "[n]o person shall * * * [e]stablish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit[.]" A scheme or game of chance conducted for profit is defined as "any scheme or game of chance designed to produce income for the person who conducts or operates the scheme or game of chance." R.C. 2915.01(E). Neither party contests that these tip tickets are a scheme or game of chance. Sermon v. Ohio Liquor Control Comm. (July 20, 1995), Franklin App. No. 95APE01-18. However, the parties disagree whether the commission proved that the tip tickets were sold "for profit." Because "a scheme or game of chance conducted for profit" is defined by looking at whether income is produced from the scheme or game of chance, the commission contends that actual profit need not be shown to prove a violation of Rule 53. Rather, the commission contends that proof of income from the operation of the scheme or game of chance is sufficient to find a Rule 53 violation. We agree.
 {¶ 12} In State v. Posey (1988), 40 Ohio St.3d 420, the Supreme Court of Ohio noted that the state must prove that the gambling at issue was "for profit" in order to sustain a conviction for a gambling offense under R.C. 2915.02. However, in affirming a gambling conviction under R.C. 2915.02, the court noted that a game or scheme of chance conducted for profit is defined by R.C. 2915.01(E) in terms of income. The court noted that to define profit in terms of income, in the context of gambling, is consistent with the common usage of the term "profit" and that there is "no reason why the income produced by the FOE's use of gambling devices is not `profit.'" Id. at 423. Therefore, the court held that the element of profit could be established by proof of income derived from the gambling activity.
 {¶ 13} In VFW Post 8586, the court again dealt with the element of profit necessary for a gambling conviction. In that case, the gambling devices at issue were electronic video poker machines. The evidence consisted of a document describing how those machines worked and how the odds of winning were stacked against the player. In addition, there was $319 recovered from the machines. Based upon this evidence, the court stated that "it was reasonable for the commission to infer that the video poker machines at issue were operated to generate income." Id. at 84. Again, the court looked at whether the gambling devices produced income to determine whether the gambling was conducted "for profit." See, also, Berdine v. Ohio Liquor Control Comm. (Sept. 18, 1991), Columbiana App. No. 90-C-34 (citing Posey for the proposition that gambling income is profit).
 {¶ 14} Based upon these cases, it is clear that actual profit need not be shown in order to find a violation of Rule 53. See, also, VFW Post 7262 v. Ohio Liquor Control Comm. (May 15, 1998), Montgomery App. No. 97 CA 1458, citing Dayton v. Combs (1993), 94 Ohio App.3d 291, 307. Rather, the profit element can be established by proof that the gambling device produced income for the permit holder. VFW Post 8586, supra; State v. Stow Veterans Assn. (1987), 35 Ohio App.3d 45, 46-47 (affirming gambling conviction based upon evidence of income from gambling device); AL Post 0557 v. Ohio Liquor Control Comm. (Sept. 24, 1998), Jefferson App. No. 97 JE 2 (affirming violation of Rule 53 with the mere acceptance of money by an electronic gambling device without an indication of profit); AL Post 0611 v. Ohio Liquor Control Comm.(Sept. 29, 1987), Franklin App. No. 87AP-200; VFW Post 7262, supra.
 {¶ 15} In the case at bar, the element of profit was established by proof of income from the sale of tip tickets. In the present case, appellee stipulated that the money found in the cigar boxes was income from the sale of these tip tickets. Appellee also stipulated to the ODSP investigative report which indicated that tip tickets are produced in such a way that profit is guaranteed. Given these undisputed facts, the trial court abused its discretion in holding that the commission's decision was not supported by reliable, probative and substantial evidence. Cf. VFW Post 8586, supra; FOE Aerie 0895 v. Ohio Liquor Control Comm. (Dec. 10, 1998), Lawrence App. No. 98CA09 (affirming Rule 53 violation for gambling with similar evidence of profit).
 {¶ 16} The facts in this case are distinguishable from those which confronted this court in Amvets Post 1983 Schneider Hume, Inc. v. Ohio Liquor Control Comm. (Feb. 13, 2001), Franklin App. No. 00AP-480. In Amvets Post 1983, the only evidence offered to show that the tip tickets were sold for profit was the generalized description of tip tickets found in the ODPS's investigative report. No evidence was offered linking money found on the permit premises with the sale of tip tickets. Therefore, in Amvets Post 1983, the element of profit was not established. In the case at bar, the element of profit was established by proof of income from the sale of tip tickets.
 {¶ 17} For the foregoing reasons, the commission's assignment of error is sustained and the Franklin County Court of Common Pleas decision is reversed.
Judgment reversed and case remanded.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.